FILED

DEC 29 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

JOHN M. BEAIRD, and ROBERT MIHAILOVICH, and §
JOHN M. BEAIRD and ROBERT MIHAILOVICH on Behalf of §
ALL SIMILARLY SITUATED INDIVIDUALS §
    (PLAINTIFFS) §
  FILED AS A CLASS ACTION §
                                                                    § No.   06 2268
VS §

ALBERTO GONZALES, et.al. §
    (DEFENDANTS)

---

MOTION TO APPOINT INTERIM COUNSEL
PURSUANT TO FRCP RULE 23(g)(2)(A)

---

TO THE HONORABLE DISTRICT JUDGE OF SAID COURT:

COMES NOW, JOHN M. BEAIRD, MOVANT (PLAINTIFF), in the above styled and numbered cause of action and files this Motion to Appoint Interim Counsel Pursuant to Fed. R. Civ. Pr. Rule (23(g)(2)(A) which states: "[t]he court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action."

I.

The Plaintiff and Putative Class are all similarly situated individuals, members of the putative class, without adequate representation of counsel in this litigation, against the vast unequitable resources of the Government of the United States. Plaintiff (Movant) also filing a Motion to Certify this action as a Class Action, and the presence of competent and trained counsel in this highly complicated and vast litigation would serve the interest of Justice as well as benefiting in the judicial economy of the class itself. Courts have repeatedly found an advantage in such cases. "A lawyer can

RECEIVED
DEC 0 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

negotiate the settlement of a meritorious claim. If the case goes to trial, counsel for the plaintiff can shorten the trial and limit evidence to relevant issues, benefiting his client, opposing parties, and the court." Knighton v Watkins, 616 F.2d 795 (5th Cir. 1980). "Appointment of a lawyer provides the unletting inmate with an opportunity to obtain representation equally qualified with the professional counsel usually provided by the state for the defendants [in a civil claim]." Ibid at 799. Also, appointment of counsel, equitable to that which the government will appoint for the individually named defendants in this cause of action is only equitable and would be entitled by the Fifth Amendment Due Process Clause. Further, the circumstances of this litigation, the availability of records, inter alia to Movant, entitles the Movant to appointment of counsel in the interest of due process. See Slavin v Curry, 690 F.2d 446 (5th cir 1982)(appointment required in complex cases or circumstances or in cases in which the plaintiff is unable to actively investigate and pursue the claim being asserted), see also Knighton v Watkins, supra; and see Wright v Dallas County Sheriff's Department, 660 F.2d 623, 623 (5th Cir 1981)("In Gorden v Leeke, 574 F.2d 1147, 1153 (4th cir 1978), cert denied 439 U.S. 970 (1978), the Court indicated that if it is apparent to a district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel) id at 625. The Civil rights Attorney's Fees Award Act is also dispositive of this matter. See Norton v Dimazana, 122 F.3d 286, 293 (5th Cir 1997)(when evidence will consist in large part of conflicting testimony, thus requiring skill in presentation and cross-examination, and type and complexity of case along with weather litigant is in a position to investigate, obtain documents, inter alia, to adequately present his case are factors bearing directly on decision to appoint counsel).

II.

This litigation pertains to complex legal arguments of what are common custom, practices, and policies of the Defendants, containing complex legal theories, involves discovery of documents which may be "sensitive in nature" and unable for the Movant to procure, as well as, inter alia, is equitable, in that, the individually named Defendants, in their Individual Capacities would be equitable and in the interest of Due Process of the Movant (Plaintiff), and would further the judicial economy of the prosecution of this litigation.

III

WHEREFORE, PREMISES CONSIDERED, Movant PRAYS THAT this Honorable Court Grants this Motion and APPOINTS Interim Counsel pending class certification.

Respectfully Submitted,

John M. Beaird, Pro Se
14355-179 Satellite Camp
P.O. Box 9000
Seagoville, TX 75159-9000

Robert L. Mihailovich
33446-177 Satellite Camp
P.O. Box 9000
Seagoville, TX 75159-9000

VERIFICATION

I, JOHN M. BEAIRD, verify, attest, and affirm that all of the foregoing is true and correct on this the 28th Day of November 2006.

John M. Beaird

Robert L. Mihailovich