IN THE UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

JOHN M. BEAIRD, ROBERT MIHAILOVICH and §
JOHN M. BEAIRD and ROBERT MIHAILOVICH §
on behalf of §
All Similarly Situated Individuals. §
    Plaintiffs §
(FILED AS A CLASS ACTION) §
§
  **vs.** §
§          No. 06-2268-JDB
ALBERTO GONZALES (Individually), §
HARLEY G. LAPPIN (Individually), §
Federal Bureau of Prisons, §
UNITED STATES of AMERICA, and §
Several Unknown Agents of the §
Federal Government, §
    Defendants §

**RECEIVED**

MAR - 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---------------------------------------------------

**MOTION TO CERTIFY AND TO MAINTAIN ACTION AS A CLASS ACTION**

---------------------------------------------------

TO THE HONORABLE U.S. DISTRICT JUDGE OF SAID COURT:

COMES NOW, JOHN M. BEAIRD, ROBERT MIHAILOVICH, and JOHN M. BEAIRD and
ROBERT MIHAILOVICH on behalf of ALL SIMILARLY SITUATED INDIVIDUALS, Plaintiffs,
in the above-styled and numbered cause of action, and files this, MOTION TO
CERTIFY AND TO MAINTAIN ACTION AS A CLASS ACTION pursuant to FRCP Rule 23, and
pursuant to such subsections as further distinguished, infra. Plaintiffs,
hereby, submit the following to this Honorable Court:

I.

FRCP Rule 23(a), the "Prerequisites to a Class Action", permit that members of a class may sue as representative parties on behalf of all parties if (1) The Class is so numerous that joinder of all members is impracticable; (2) There are questions of law or fact common to the class; (3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) The representative parties will fairly and adequately protect the interests of the class.

II.

Plaintiffs, hereby, incorporate by reference, Plaintiffs' Original Pleadings in this cause of action.  In this action, the "Putative Class" is defined as:  "All Individuals whom are, or have been, incarcerated within a Federal Bureau of Prisons facility within the last Twenty Four (24) Months, and/or whom may be subject to being incarcerated within a Federal Bureau of Prisons facility or place of confinement in the future, whom have, or may be subject to having, their Constitutional rights, statutory rights, duties owed to them by the Defendants, or entitlements to which they are entitled to, offended and violated by the past, present, or future conduct of the Defendants".  The putative class represents in number approximately 200,000 individuals.

III.

The courts have repeatedly found that an individual whom himself has exhausted Administrative Remedies, as Plaintiffs have done in this instant case on all claims, may file an Action as a Class Action challenging conditions of confinement, such that, one class member exhausting administrative remedies is sufficient to satisfy the PLRA exhaustion requirement for the class.  See e.g. Gates v. Cook, 376 F3d 323 (5th Cir. 2004); Plata v. Davis, 329 F3d 1101 (9th Cir. 2003); inter alia.

IV.

Plaintiffs filed the instant action as a CLASS ACTION pursuant to FRCP Rule 23. Plaintiffs meet the requirements of FRCP Rule 23(a). Clearly, (1) the putative class (200,000 individuals) is so numerous that joinder of all members is "impractibale"; this satisfying R. 23(a)(1). The Claims (Counts) filed by the Plaintiffs against the Defendants also regard questions of law common to each member of the putative class. Such common questions of law being common to the putative class of, inter alia, whether there has been a deprivation or infliction of pain or conduct serious enough to implicate constitutional concerns, see Wilson v. Seiter, 501 U.S. 294, 297-298 (the "subjective component" on an Eighth Amendment claim) with regards to the Plaintiffs and the Putative Class, and whether such Constitutional rights protecting against such alleged conduct were "clearly established" or "clearly held" rights; and further whether said Defendants would be liable pursuant to the "Doctrine of Concurrent Liability" with any other parties, inter alia. Moreover, common questions of fact are also common to the entire putative class of, inter alia, whether the conduct of the Defendants were done with the presence of "deliberate indifference" ("Objective component" of an Eighth Amendment claim), see Wilson, supra at 297-298, as well as whether or not a "polic(ies)" exhisted, and whether such policies were "official" policies, and an inquiry into "the [D]efendants' state of mind, inter alia. See Farmer v. Brennan, 128 L Ed. 2d 811 (1994); see also Jordan v. Gardner, 986 F2d 1521, 1525-1528 (9th Cir. 1993)(en banc). Although FRCP Rule 23(a) requires **only** that "**either**" question of fact, **or** question of law be common -- **it does not require both**; although in the Plaintiffs' instant action, both, are in fact, common as discussed, ante. The Plaintiffs meet the requirement of R. 23(a)(2).

V.

The Claims (Counts) made by Plaintiffs against the Defendants are common to the putative class itself, especially as the claims of the conduct of the Defendant occur simultaneously upon all putative class members, and such that the conduct of the Defendants alleged concurrently cause and create simultaneous actions (or inactions), and/or common custom, practices or policies which thereby effect the putative class which thus give rise to an actionable cause of action, herein.    See Armstrong v. Davis, 275 F3d 849, 868069 (9th Cir. 2001)("[C]ommonality is satisfied where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members. [I]ndividual factual differences among the individual litigants or groups of litigants will not preclude a finding of commonality.    We do not insist that the named Plaintiffs' injuries be identical with those of the other class members, only that the unnamed class members have injuries similar to those of the named Plaintiffs, and that the injuries result from the same, injurious course of conduct.").    See also Johnson v. HBO Film Mgt., 265 F3d 178, 184 (3rd Cir. 2001)(same); Piazza v. EBSCO Indus., Inc., 272 F3d 1341, 1346 (11th Cir. 2001)(same).    The Plaintiffs have commonality of claims and injuries with the putative class members and, thereby, meet the prerequisite of FRCP Rule 23(a)(3).

VI.

"Two factors generally inform whether class representatives satisfy [FRCP] 23(a)(4) requirement:  '(1) absence of conflict and (2) assurance of vigorous prosecution." Robinson v. Metro-N Commuter R.R., 267 F3d 147, 170 (2nd Cir. 2001).  " 'Adequacy of representation' means that the class representative has common interests with unnamed class members and will vigorously prosecute the interests of the class through qualified counsel." Robinson, supra at 170. Class Representatives JOHN M. BEAIRD and ROBERT MIHAILOVICH, based on all claims

made in this action, have common interests with the unnamed class members, and, have shown by the extensive and well-documented filing(s) already presented and filed in this action the dedication and resolve to "vigorously" prosecute this action, even in the face of, and having suffered willful unconstitutional reprisals and retaliations from the Defendants for pursuing their Constitutional rights of access to the courts.   Moreover, this Honorable Court may appoint qualified counsel, as the Plaintiffs request, to represent the interests of the class pursuant to applicable authorities (see Equal Access to Justice Act, inter alia).     These facts being so, the Plaintiffs satisfy FRCP R. 23(a)(4). Accordingly, as Plaintiffs satisfy each of 23(a)(1) thru (4), ante, Plaintiffs meet, and have met, the prerequisites of FRCP Rule 23(a).

VII.

Pursuant to FRCP R. 23(b), "Class Actions Maintainable", an action may be maintained as a Class Action if the prerequisites of subdivision (a), ante, are satisfied, as they are in the instant case, and in addition:     (1) the prosecution of separate actions by or against the individual members of the class would create a risk of: (A) Inconsistent or Varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, **or** (B) adjudications with respect to individual members of the class which would as a practical matter be **dispositive** of the interests of the other members not parties to the adjudications **or** substantially **impair** or **impede** their ability to protect their interests; **or** (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby, making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; **or** (3) the court finds that the questions of **law or fact** common to the members of the class predominate over any questions affecting only

individual members, and that a class action is superior to other available
methods for the fair and efficient adjudication of the controversy...".  FRCP
Rule 23(b).

### VIII.

Adjudication upon the Claims (Counts) Plaintiffs have brought against the
Defendants in 200,000 individual cases would result in **inconsistent** or **varying**
**adjudications** and establish incompatible standards of conduct for the party
opposing the class -- the Defendants.  For example, the presence of "deliberate
indifference" of the Defendants in the Claims alleged, which is a question of
fact for a jury to find, may, by some of the juries be found to exist, and in
others be found not to exist -- when analyzing the identical conduct (actions,
inactions, common custom, practices and policies) of the Defendants as alleged
in the Counts.    Clearly, the Plaintiffs satisfy **a certification pursuant to**
23(b)(a)(A).

### IX.

Additionally, adjudications with respect to individual members of the class
would, similarly, then be dispositive of the interests of the other members not
parties to those same adjudications, as well as would **impair** the ability of such
individual parties to protect their interests.  These interests including, inter
alia, the ability to collect upon judgment(s) rendered against various same
Defendants of "individual liability" which would then "pit one individual
plaintiff against another" to collect from the limited resources of such
individual defendants, as well as would unequally give the individual plaintiffs
whom were the fastest to obtain a judgment or settlement against a particular
Defendant(s) an unequal advantage over another individual plaintiff or putative
class member; such judgment(s) or settlement(s) from the same actionable conduct

of the Defendants which give rise to each of the Counts (Claims) made against the Individually named Defendants in this cause of action pursuant to the Plaintiffs' Original Complaint. As such, Class Action may also be maintained pursuant to FRCP Rule 23(b)(1)(B).

X.

The Plaintiffs seek **Declaratory Relief** against the Defendants in this cause of action and the claims made. This Declaratory Relief **"would affect the class as a whole"**, and thereby provide final appropriate injunctive relief as well as being applicable and affecting the entire class. The actions and inactions and conduct of the Defendants are also applicable to the whole class in such respect. Plaintiffs' Class Action may similarly **be maintained pursuant to FRCP Rule 23(b)(2)**.

XI.

As stated supra, regarding "prerequisites", the questions of law are common to all class members. Additionally, questions of fact, as discussed supra, also are common to all class members. Pursuant to FRCP R. 23(b)(3) it would be more judicially economical, as well as more equitable upon <u>both</u> the class members, as discussed supra, as well as upon all of the Defendants, to prosecute One (1) Action (Class Action), and thereby, one set of discovery, depositions, appeals, etc., rather than prosecuting and defending 200,000 individual cases. The Plaintiffs' Class Action may also be **maintained pursuant to FRCP Rule 23(b)(3)**.

XII.

Although monetary relief is ought in Plaintiffs' action, Injunctive and Declaratory relief predominate. Dispositive in this regard is <u>Allison v. Citgo Pet. Corp.</u>, 151 F3d 402 (5th Cir. 1998), finding that "monetary relief may be obtained in [a FRCP] 23(b)(2) class action so long as the predominant relief sought is injunctive or declaratory." Id at 411. Additionally, although Rule

23(b)(2) class members do not have the right to opt out -- "a district court may require a notice and the right to opt-out under its discretionary authority". McManus v. Fleetwood Enters, Inc., 320 F3d 545, 553 (5th Cir. 2003); Moliski v. Gleich, 318 F3d 937, 947 (9th Cir. 2003).

## XIII.

With regards to FRCP Rule 23(b)(3), "where common issues otherwise predominated, courts have usually certified [FRCP] 23(b)(3) classes even though individual issues were present in one or more affirmative defenses. After all, Rule 23(b)(3) requires merely that common issues predominate, not that all issues be common to the class." Smilow v. Southwestern Bell Mobile Sys., Inc., 323 F3d 32, 39-40 (1st. Cir. 2003).

## XIV.

The Plaintiffs submit that, based on the Claims (Counts) alleged against the Defendants in Plaintiffs' Original Complaint in this action, that this Honorable Court may Certify the Maintenance of this Class Action pursuant to FRCP Rules 23(b)(1)(A), 23(B)(1)(B), 23(b)(2), or 23(b)(3) for the good and meritorious reasons as shown, infra.

## XV.

Plaintiffs request that this Honorable Court **CERTIFY** this action as a CLASS ACTION pursuant to FRCP R. 23 applicable authorities as discussed, supra; and FURTHER, upon such CERTIFICATION **APPOINT CLASS COUNSEL**, such that such CERTIFICATION and APPOINTMENT be made without delay. **ALTERNATIVELY,** Plaintiffs request that this Honorable Court appoint **Interim Class Counsel** (Plaintiffs currently have a motion for such currently pending before this Honorable Court as was filed with the Original Complaint) pursuant to FRCP Rule 23(g)(2)(A) **prior to** ruling on this Motion in order that 1) The interests of the putative class (this action already being filed as a Class Action) are adequately

represented; and that 2) Such skilled counsel may orally argue the merits to this Motion on behalf of the Putative Class and the Plaintiffs, whom would be affected by the disposition of this Motion.

XVI.

**P R A Y E R**

Plaintiffs PRAY THAT, for the foregoing good and meritorious reasons shown, and upon due and considerations of the submissions of the Plaintiff, and of this Motion, that this Honorable Court:

**1)** GRANT this Motion and immediately **CERTIFY** this Action as a "Class Action" pursuant to the applicable authorities as cited by Plaintiffs, infra, and then APPOINT COUNSEL to represent the interests of the Class; <u>or ALTERNATIVELY,</u> the Plaintiffs PRAY THAT:

**2)** This Court APPOINT Interim Class Counsel pursuant to FRCP Rule 23(g)(2)(A) <u>prior to</u> the disposition of this Motion; and further should this Honorable not certify said action as a Class Action, that Plaintiffs request that Findings of Fact and Conclusions of Law on such disposition then be made;

**3)** Plaintiffs **FURTHER PRAY THAT** this Motion be **GRANTED** Expeditiously, without delay, and that this Court provide any and all other relief to which this Honorable Court may provide.

Respectfully Submitted,

JOHN BEAIRD

ROBERT MIHAILOVICH

VERIFICATION

I, JOHN BEAIRD and ROBERT MIHAILOVICH, do hereby certify and attest that that all of the foregoing is true and correct and that this Motion is made in good faith and for no other reason.
DATE: FEBRUARY 23, 2007.

------------------------
JOHN BEAIRD

*Robert Mihailovich*
ROBERT MIHAILOVICH

CERTIFICATE OF MAILING

I, JOHN BEAIRD and ROBERT MIHAILOVICH, do certify, attest, and affirm, under penalty of perjury, that this filing was filed (see Houston v. Lack, 487 U.S. 266 (1988)(Inmate Mail-Box Rule)), on this 23rd day of February, 2007, by depositing same into the institutional mail system, first class postage prepaid, addressed to the Clerk of the Court.

------------------------
JOHN BEAIRD

*Robert Mihailovich*
ROBERT MIHAILOVICH

CERTIFICATE OF SERVICE

I, JOHN BEAIRD and ROBERT MIHAILOVICH, certify that pursuant to applicable Fed. R. Civ. Proc. Rules, that a true and correct copy of this filing was sent via first class mail, postage pre-paid, to the Counsel of Record who have appeared as of this date, February 23, 2007, in this cause of action as follows:

Mr. Alan Burch, AUSA
555 Fourth St. N.W.
Washington, D.C.  20530
(on behalf of Defendants: UNITED STATES and the Federal Bureau of Prisons)

------------------------
JOHN BEAIRD

*Robert Mihailovich*
ROBERT MIHAILOVICH

CERTIFICATE OF CONFERENCE

I, JOHN BEAIRD and ROBERT MIHAILOVICH certify, herewith, that a conference with other parties' counsel was unable to be held prior to submission of this filing due to the fact that Plaintiffs' counselor, whom assists in arranging of legal calls, was not in the office on this Friday February 23, 2007, in order that such could be attempted.

DATE:  February 23, 2007

------------------------
JOHN BEAIRD

*Robert Mihailovich*
ROBERT MIHAILOVICH