UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

John M. Beaird *et al.*,

    Plaintiffs,

        v.

Alberto Gonzales *et al.*,

    Defendants.

Civil Action No.  06-2268 (JDB)

MEMORANDUM AND ORDER

    Plaintiffs, proceeding *pro se*, move to certify this case as a class action.  Rule 23 of the Federal Rules of Civil Procedure authorizes one or more members of a class to sue on behalf of all members under  specified conditions.  "In order to establish that they are entitled to certification of a class, plaintiffs bear the burden of showing that a class exists, that all four prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure have been met and that the class falls within at least one of the three categories of Rule 23(b) of the Federal Rules of Civil Procedure."  *Pigford v. Glickman*, 182 F.R.D. 341, 345 (D.D.C. 1998); *see Franklin v. Barry*, 909 F. Supp. 21, 30 (D.D.C. 1995).

    Of particular importance here is the requirement that the prospective class representatives "will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  *Pro se* litigants may not prosecute cases on behalf of others in federal court.  *See* 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel").  And, because lay persons do not have the legal training or expertise required to protect the interests of a class, courts are reluctant to certify a class represented by a *pro se* litigant.  *See Martin v. Middendorf*,

420 F. Supp. 779, 780-81 (D.D.C. 1974) (denying *pro se* plaintiff's motion for class certification in employment discrimination action because of inherent disadvantage to layman who lacked familiarity with substantive and procedural matters); *Lile v. Simmons*, 143 F. Supp. 2d 1267, 1277 (D. Kan. 2001); *Maldonado v. Terhune*, 28 F. Supp.2d 284, 288 (D.N.J. 1998) (quoting *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J.1992)) ("Courts have consistently held that a prisoner acting *pro se* 'is inadequate to represent the interests of his fellow inmates in a class action.'").  At least one circuit court has found "plain error" in permitting a *pro se* prisoner "to represent his fellow inmates in a class action." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) (citing *Gonzales v. Cassidy*, 474 F.2d 67 (5th Cir. 1973)).  Accordingly, it is

ORDERED that plaintiffs' motion to certify this case as a class action [Dkt. No. 16] is DENIED.

                                              s/
                                        JOHN D. BATES
                                   United States District Judge

Dated: March 5, 2007