UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

John M. Beaird *et al.*,

    Plaintiffs,

        v.                                                    Civil Action No.  06-2268 (JDB)

Alberto Gonzales *et al.*,

    Defendants.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on defendants' response to plaintiffs' motion for a temporary restraining order ("TRO") and their separately filed motion to dismiss or for summary judgment or, in the alternative, to transfer the case.  Because defendants have filed an opposition to the TRO motion, the Court will consider whether plaintiffs' motion supports the issuance of a preliminary injunction.  Upon consideration of the parties' submissions, and for the reasons stated next, the Court finds no grounds for issuing a preliminary injunction.  Therefore, the Court will deny plaintiffs' motion for emergency relief and will then advise plaintiffs, who are proceeding *pro se*, about their obligation to respond to defendants' dispositive motion.

I.

      To prevail on a motion for a preliminary injunction, a plaintiff must demonstrate (1) that he is substantially likely to succeed on the merits of the suit, (2) that, without the injunction, he would suffer irreparable harm for which there is no adequate legal remedy, (3) that the injunction would not substantially harm other parties, and (4) that the injunction would not substantially harm the public interest.  *Al-Fayed v. Central Intelligence Agency*, 254 F.3d 300, 303 (D.C. Cir. 2001); *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1505-06 (D.C. Cir. 1995).  The burden is

on the movant to demonstrate a clear entitlement to the extraordinary and drastic remedy of preliminary injunctive relief. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Plaintiffs seek to enjoin the housing of inmates in a segregation unit (Building 9) at the Federal Correctional Institution in Seagoville, Texas, that allegedly is in deplorable condition. There is no indication that either plaintiff is currently housed in Building 9, which they acknowledge is used for temporary purposes. Plaintiffs therefore have not shown that they face irreparable injury, nor have they demonstrated the existence of any of the other factors necessary for issuing a preliminary injunction.

II.

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id*. at 509. In addition, the Court's local rules state that "[w]ithin 11 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion [or] the court may treat the motion as conceded." Local Civil Rule 7(b).

In *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Id*. at 456 (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)). The court in *Neal* also specified that the "text of Rule 56(e) should be part of the notice" issued to the pro se litigant. *Id*.

2

Under Rule 56(e) of the Federal Rules of Civil Procedure,

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, parties, such as plaintiff, who are adverse to a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are incorrect are not sufficient. For these purposes, a verified complaint shall serve as an affidavit. *See Neal*, 963 F.2d at 457-58. Accordingly, it is hereby

ORDERED that plaintiffs' motion for a temporary restraining order [Dkt. No. 14] is DENIED; and it is

FURTHER ORDERED that plaintiffs shall respond to defendants' motion to dismiss or for summary judgment or, in the alternative, to transfer the case by **April 13, 2007**. If plaintiffs do not respond by that date, the Court will treat defendants' motion as conceded and may either dismiss or transfer the case.



s/
JOHN D. BATES
United States District Judge

Dated: March 9, 2007