UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

JOHN M. BEAIRD, ROBERT MIHAILOVICH and §
JOHN M. BEAIRD and ROBERT MIHAILOVICH §
on behalf of §
ALL SIMILARLY SITUATED INDIVIDUALS §
(FILED AS A CLASS ACTION COMPLAINT) §
            Plaintiffs §
vs. § No. 06-2268-JDB
                                  §
ALBERTO GONZALES (Individually), et. al. §
            Defendants §

RECEIVED
MAR 19 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

E M E R G E N C Y    M O T I O N
FOR RECONSIDERATION FOR CAUSE AND INCORPORATED
REQUEST FOR SANCTIONS UPON DEFENDANTS

TO THE HONORABLE U.S. DISTRICT JUDGE OF SAID COURT:

COMES NOW, JOHN BEAIRD and ROBERT MIHAILOVICH, Plaintiffs in the above-styled and numbered cause of action and Movants in this Motion as styled. Plaintiffs incure no joy in informing this Honorable Court of the following, infra, as Plaintiffs hoped that the integrity of this court and of this judicial process itself would not be impuned by Defendants whom also happen to be members of the government with significant ranking, as well as the government itself. But, because of the actions of the Defendants, the Plaintiffs move this court to 1) Sanction the Defendants in this cause of action; 2) Reconsider Plaintiff's orginal motion for TRO as filed for the reasons ennumerated herein; 3) Strike the "pleadings" apparently submitted to this court in response to Plaintiffs' Motion for TRO; and 4) Order Defendants to hereafter serve Plaintiffs with ALL FILINGS made to the court in compliance with FRCP and provide the court with certified mail receipts evidencing said filings being sent and received by the Plaintiffs in this cause of action. Plaintiffs show the court the following:

I.

Plaintiffs submitted a Motion for TRO to this court to which this court Ordered the Defendants to respond in seven days to plaintiffs motion. See Order 2/27/2007. The Plaintiffs have already alleged in Plaintiffs' Pleadings that the Defendants interfere, inhibit, and otherwise deny access to the courts through their "manipulation" and failing to process and deliver Legal and Special Mail to Plaintiffs and many others as is a common custom, practice, and policy. Here once again, although the court's order, supra, was sent to Plaintiffs on 2/27/2007, Plaintiffs were not delivered their mail timely and did not receive such until March 6, 2007. This conduct is small compared to what now follows. As of this date, March 14, 2007, the Plaintiffs have received <u>absolutely no Motions, filings, or other court submissions from the Defendants in this cause of action</u>. The DEFENDANTS HAVE FAILED TO SERVE UPON THE PLAINTIFFS ANY OF THEIR FILINGS WHICH HAVE BEEN MADE TO THE COURT IN THIS CASE. Moreover, it is also quite the possibility that the Defendants may also have "intercepted" any mail coming to Plaintiffs of the filings in this cause of action. Regardless of the conduct of the Defendants in either not complying with FRCP in serving the Plaintiffs or in interfering with Plaintiffs' Legal and Special Mail which has resulted in the Plaintiff receiving absolutely nothing from either the Defendants in this action or the court, other than the order the court ordered the Defendants to respond, and then recently the disposition of the Motion to certify as a class.

II.

The court has stated and referred to responses by the Defendants which the Plaintiffs to this day have no idea what the court is referring to nor have the Plaintiffs even received to respond to. This conduct is not only outrageous, it completely disrespects the fair and equitable judicial process itself and the integrity of the judicial process of a Plaintiff whom sues a government defendant to obtain a fair proceeding and a constitutional level of due process.

Our founders demanded much more than that. And again, the Plaintiffs (Mihailovich) received this[1] Special/Legal Mail not through the proper Legal Mail Delivery, but rather through the regular mail process just as Plaintiffs have also alleged in the Original Pleadings. Moreover, Plaintiff JOHN BEAIRD has not even been delivered a copy of this court's March 9, 2007, Order.

### III.

The Plaintiffs have made some very serious allegations supported by facts against the Defendants. It is no surprise (although the Plaintiffs are deeply saddened by the conduct of the United States for there is, or was, a belief that we were once a "nation, under God") that the Defendants have apparently "stooped" to such low standards of conduct and behavior in order to try to "procedurally" evade justice and an "even playing field" against Plaintiffs whom have a very meritorious cause of action with substantive documentation. But, the Plaintiffs are not being given an "even playing field" in the conduct which has occurred relevant to the Plaintiffs' cause of action, supra.

### IV.

The Defendants starting on the week the court ordered the government to respond, 2/27/2007, also committed other comensurate acts which relate to the Plaintiffs' ability to prosecute this action as follows:

1) Starting at such time, the Defendants refused to supply the Plaintiffs with TYPING RIBBONS in which to file subsequent submissions to the court in this cause of action, even though the Plaintiffs have repeatedly requested them, or even to purchase them on their own, and the Defendants have over the course of the last three weeks failed to respond or to provide Plaintiffs with any such needed ribbons. Only by the Grace of God in Plaintiff finding an old used ribbon and rewinding it upside down was Plaintiffs able to print this filing.;

2) The Plaintiff (JOHN BEAIRD) has officially requested some additional time off his job (allowed by BOP Policy) in order to complete legal work relevant and a part of this case and filings, there-of, and expected filings to come -- this

---

[1] "this" being the March 9, 2007, Momorandum Opinion & Order of this court.

being critically needed because the Plaintiffs are housed within a building (camp) which houses 160 inmates and the law library (which is also used as a leisure library) only has a capacity (seats) for 5 people, and moreover, only has two (2) typewriters. Because the library is always crowded during the evening hours and off-work hours, Mr. Beaird has repeatidly requested from the Defendants to be allowed to have parts of days off (when the library is not so crowded and when a typewriter can be obtained). As it now stands, access to a typewriter is virtually impossible during off-hours. The Defendants have failed to even respond to Plaintiff Beaird's in writing requests;

3) On March 8, 2007, at 9:10 A.M. the Defendants conducted a "targetted shake down" of the lockers of JOHN BEAIRD, JIMMIE HELMS, and ROBERT MIHAILOVICH; these being the exact individuals whom had submitted AFFIDAVITS IN SUPPORT OF THE TRO that the Plaintiffs had submitted in the prior week. The Defendants rifled through these individuals' legal papers and materials in violation of B.O.P. Policy. This "targetted" shakedown was not administered by a regular correctional officer on duty, but rather was conducted by an individual whom almost never comes to the unit facility and whom is a high level supervisory employee of the Defendants in this action. In fact, he only wanted to go to these individuals lockers. These individuals whom all have spotless conduct records had the commanality of their legal documents relating to this cause of action in this case in their lockers -- to which the Defendants took liberty to obtain. Although standard searches are routine and completely normal and authorized, the Plaintiffs take specific issue here in the specific targetting, rifling through and looking at various legal papers which relate to this case which itself is a violation of law and B.O.P. policy. Finally, upon review of Mr. Beaird's legal files and papers it was discovered that some crucial legal documents have now come up missing immediately after such targetted shakedowns. Plaintiffs enter all these into the records as verified facts.

V.

Although this Honorable Court makes reference in its March 9, 2007

Memorandum Opinion and Order (see Slip Op at p.2) "[t]here is no indication that either plaintiff is currently housed in Building 9 ... [and] have not shown that they face irreparable injury ...", the Plaintiffs submit that infact, they do. For on Friday, March 9, 2007, Plaintiff JOHN BEAIRD was in Building 9, submitted for the initial allegation of "refusing submission to a new widespread sampling of everyone's DNA". Because Plaintiff Beaird is not a violent offender, nor is he a sex offender or the like, nor did the sentencing court impose such condition upon him, but rather the new DNA Backlog Elimination Act, Beaird, whom is an Evangelical Christian asserted the protections of the Religious Freedom Restoration Act of 1993 to forced extraction of such based on his sincerely held religious beliefs. Further, Beaird already filed with the District of Columbia Court, several weeks earlier, for a TRO against such while a decision on the merits of an action contesting such collection on religious grounds (Religious Freedom Restoration Act of 1993, and the FIRST AMENDMENT). The Defendants, however, ignoring these facts (as well as the RFRA statute itself) sent Beaird to Building 9. Beaird entered Building 9 housing unit at approximately 1:00 P.M. on that day.

### VI.

To obtain a TRO a party must show the TRO is necessary to prevent injury. Certainly, as Beaird was present within Building 9 on Friday March 9, 2007, the conditions within said Building 9 still being as previously submitted to this court as being still constitutionally offensive and grotesquely inhumane, the Plaintiff(s), were are put in position of irreparable injury. The Court spoke of just such a "irreparable injury" in Elrod v. Burns, 427 U.S. 347, 373 (1976)(loss of right to free speech under First Amendment is irreparable injury); similarly, here, subjecting Plaintiff (as on Friday March 9, 2007) to being detained and housed (even if but for days, but days at 100 degrees temperatures or more in an unsanitary and inhumane environment) at Building 9, is an "irreparable" EIGHTH AMENDMENT injury.

VII.

The Plaintiff requests that all filings filed by the Defendants be STRICKEN as SANCTIONS for the violations of FAILING TO SERVE Plaintiffs with all the filings which have been made in this court and for the additional conduct itemized, supra, relating to the Plaintiffs' direct ability to have a fair opportunity to prosecute this action. Further, Plaintiffs request that this court also GRANT the Plaintiffs' TRO as submitted as sanctions for the Defendants' conduct, infra.

VIII.

The Plaintiffs reassert that all of the conditions, inter alia, exist for this court to GRANT Plaintiffs' TRO as submitted. The court cannot turn a blind eye to the dramatically inhumane conditions that exist in Building 9 as the Plaintiffs have shown exist in the <u>numerous</u> Sworn Affidavits and verified pleadings entered into this cause of action. The Defendants should be required to defend these outrageous and inhumane conditions not in a TRO Application, but rather, later in a Preliminary Injunction Hearing once a TRO and its protections against further injury have been granted. The Defendants in this cause of action further have caused violations of constitutional or federal rights of the Plaintiffs which are clearly established rights, and therefore the Defendants will not reap the protections of the affirmative defense of qualified immunity. Defendants Harley G. Lappin (in individual capacity) and Alberto Gonzales (in individual capacity) whom are the other defendants in this cause of action are unable to obtain qualified immunity based on the Plaintiffs' claims that their conduct caused violations of Plaintiffs' clearly established constitutional and federal rights as Plaintiffs have claimed in this cause of action. Plaintiffs reassert the numerous other meritorious reasons for the GRANTING of the TRO as are submitted within the Plaintiffs' Motion for TRO. Plaintiffs are immenently subject to having further Eighth Amendment rights violated by the conduct of the Defendants and Building 9, as outlined, ante, and the most recent occurrence.

IX.

Finally, Plaintiffs restate the complete disgust and outlandish conduct and tactics of the Defendants as ennumerated, infra, and in the Defendants conduct related to the filings in this court and delivery (or more aptly put -- failure to deliver) Plaintiffs' legal mail and failing to serve Plaintiffs with any and all filings that have been previously made to this court -- perhaps had the Plaintiffs had such that a responsive Traverse to whatever the Defendants asserted could have been made prior to the court initially ruling on the Plaintiffs' Motion for TRO.  The Plaintiffs ask this Honorable Court's personal intervention into the reprehensible conduct of the Defendants, ante, which themselves impugn the fairness and integrity of the judicial system itself -- especially when the United States or any of its employees or officers are named defendants as is the case here with Mr. Gonzales and Mr. Lappin whom are both named in their individual capacities as well as the United States as a named defendant.

X.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Pray That this Honorable Court EXPEDITE RULING ON THIS MOTION and Further Pray That this Court:

1) SANCTION the Defendants for violation of FRCP in their failing to deliver to Plaintiffs any filings in this cause of action and related motion, such SANCTIONS being the STRIKING OF ALL DEFENDANTS' SUBMISSIONS and FILINGS to date and the concurrent GRANTING of the Plaintiffs Motion for TRO as previously submitted;

2) ORDER that the Defendants from this point forward SERVE upon Plaintiffs via Certified Mail (with evidence of receipt) any and all filings made to the court pursuant to the FRCP Rules;

3) ORDER that the Defendants and their employees make available to the Plaintiffs a) typing ribbons as needed, b) that the B.O.P. shall provide to Plaintiffs copies of legal documents for documents Plaintiffs need to file in

the court order to provide such copies to the Defendants pursuant to the FRCP Rules, such that the B.O.P. shall allow Plaintiffs to copy their papers so needed and without encumberances or costs;

4) ORDER the Defendants to conduct no further reprisal actions (infra) against Plaintiffs or any of Plaintiffs' witnesses or individuals submitting or having submitting evidence or sworn evidence in this action;

5) ABATE and VACATE this Court's March 9, 2007, MEMORANDUM OPINION AND ORDER;

6) ORDER (Mandate) the Defendants to comply with their own B.O.P. Policy which provides that they shall make available time as needed for Plaintiffs to conduct legal research or typing/writing as partially needed off in such assigned jobs, this time being reasonable as requested by Plaintiff John Beaird and vitally needed given the massive overcrowding of the tiny and inadequate law library & typewriters available during regular off-work hours;

7) ORDER that neither the Defendants nor any of their employees or agents shall further inhibit the Plaintiffs' access to the courts in prosecution of this litigation and that neither shall any of their legal or special mail be diverted, delayed, held, or otherwise inhibited from immediate delivery, and that all Plaintiffs' Incoming and Outgoing Legal and Special Mail shall be handled according to statute, law, policy, and the Code of Federal Regulations and policies; and

8) Any and All other relief to which this Honorable Court may provide.

VERIFICATION OF FILING & CERTIFICATE OF MAILING

I, JOHN BEAIRD, and ROBERT MIHAILOVICH, certify, affirm, and attest that the foregoing is true and correct, and all facts there-of are also true and correct. Further, we certify that this filing was "Filed" by placing same into the institutional mail system on this the 14th Day of March, 2007, addressed to the Clerk of the Court and is considered filed on this date (Houston v. Lack, [citations omitted])(inmate mailbox rule).

_____       _____
JOHN BEAIRD                            ROBERT MIHAILOVICH

8

Respectfully Submitted,

_____                    _____
JOHN BEAIRD                                         ROBERT MIHAILOVICH


CERTIFICATE OF SERVICE

The Plaintiffs understand that FRCP Rules require this filing be delivered to parties in this cause of action. Because the Plaintiffs have received no filings from any parties in this cause of action other than the United States as the Defendant United States and Defendant Federal Bureau of Prisons, the Plaintiff has no knowledge of any other parties responding in this action.

However, the Plaintiffs, because of the actions of the Defendants (United States & Federal Bureau of Prisons) are unable to obtain any copies of these pleadings & filings inwhich to serve upon the United States and FBOP, and requests the court to electronically serve such parties. Plaintiffs have ennumerated this predicament and situation and inhability to obtain copies from Defendants in order to prosecute their claims against the Defendants within this Motion and asks therein for court-ordered rectification of such problems.
The Plaintiffs have made every good faith attempt effort possible to obtain copies but for the Defendants' conduct in this matter.

_____                    _____
JOHN BEAIRD                                         ROBERT MIHAILOVICH

AFFIDAVITS OF JOHN BEAIRD and ROBERT MIHAILOVICH

I, JOHN BEAIRD, having personal knowledge of the facts at issue, do state under penalty of perjury that the following is true and correct:

I have received to me absolutely no filings from any of the Defendants or their counsel in Beaird, et. al. v. Gonzales, et. al., No. 1:06-cv-2268, to this present date, March 13, 2007, other than the one notice from the AUSA Burche indicating his appearance in representation of the defendants United States and Federal Bureau of Prisons.

Date:   3/13/2007

_____
JOHN BEAIRD

*********************************************************************

I, ROBERT MIHAILOVICH, having personal knowlege of the facts at issue, do state under penalty of perjury that the following is true and correct:

I have received to me absolutely no filings at all from any of the Defendants or their counsel in Beaird, et. al. v. Gonzales, et. al., No. 1:06-cv-2268, to this present date, March 13, 2007.

Date:   3/13/2007

_____
ROBERT MIHAILOVICH