UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

March 8, 2007

United States District Court
District of Columbia
333 Constitution Ave N.W.
Washington, D.C. 20001

No. 06-2268 JDB

(action previously filed)

RECEIVED
MAR 12 2007
REC'D 3/26/07 SC
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RE: **IN Re JOHN BEAIRD** (this was the styling of the Complaint made)

## E M E R G E N C Y   M O T I O N

MOTION TO EXPEDITE GRANTING OF TEMPORARY RESTRAINING ORDER INCLUDED WITHIN "SUIT FOR DECLARATORY JUDGMENT ON CONSTITUTIONALITY AS APPLIED TO PETITIONER-PLAINTIFF **42 U.S.C. § 14135a(d)** (2004) "

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES MOVANT, PLAINTIFF, in the above-styled cause of action. Plaintiff filed in this Honorable Court a Complaint and Suit for Declaratory Relief on or about February 12, 2007 thru February 20, 2007. Plaintiff does not have the case number because the court has not provided as of yet. Within Plaintiff's Complaint, Plaintiff **incorporated** a Request for Temporary Injunctive Relief to prohibit the forcable extraction of DNA from Plaintiff, a non-violent, non-sex-offense, first time offender, based upon the protections afforded by the **Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb-1(c), et. seq.** .

The Plaintiff claimed that although 42 U.S.C. § 14135a(d) (2004) has been reviewed for constitutionality on 4th Amendment grounds, no court to date has reviewed such based on a claim(s) that it violates the Plaintiff's 1) **FIRST AMENDMENT** right to Free Exercise of Religion on sincerely held religious beliefs; 2) The Protections Afforded Against implementation of such statute by the Religious Freedom Restoration Act ("RFRA") of 1993, supra which would protect against a statute as the instant one being applied to Plaintiff; and 3) Right to Equal Application of the law.

The Plaintiff requested (see Plaintiff's Complaint & filing on page 4) a "REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF PENDING ADJUDICATION ON THE MERITS". The Plaintiff MOVES this HONORABLE COURT on an EMERGENCY MOTION BASIS, GRANT Temporary Injunctive Relief as requested within Plaintiff's Original filing.

The immediate Restraining Order is necessary to prevent immediate threat of injury; see e.g. Elrod v. Burns, 427 U.S. 347, 373 (1976)(loss of right to free speech under First Amendment is irreparable injury). Similarly here, the Plaintiff has made a substantive argument that his First Amendment rights are immanently in jeapordy in his Free Exercise of Religion; in fact this important right has already attempted to be violated of recent.

An application for a TRO must contain 1) verified complaint; 2) elements necessary for injunctive relief: a) the substantial likelihood of success on the merits, b) the TRO is necessary to prevent injury, c) the threatened harm outweighs the harm a TRO would inflict on any non-movant; and d) the TRO would serve the public interests.  See FRCP Rule 65.  The Plaintiff has submitted a verified complaint & filing based on personal knowledge, the threatened harm of the Plaintiff's First Amendment rights being violated may very obviously be seen to outweigh the government's objective of building an eventual data-base over time of DNA, and the TRO is certainly in the public interest as this is very appropriately termed **"Public Interest Litigation"** regarding one of the "preferred" Constitutional rights -- the First Amendment right to the Free Worship of Religion (additionally -- see Plaintiff's Original Complaint & Filing).

Now, on the issue of "substantial likelihood of success on the merits", it is a Plaintiff's initial burden to show that a government action substantially burdens their sincerely held religious reliefs, 42 U.S.C. § 2000bb-1(a), to which Plaintiff has claimed and shown.  Importantly, the Supreme Court has cautioned that "it is not within the judicial ken to question the centrality of

particular beliefs or practices to a faith, or the validity of particular litigants interpretations of these creeds." Hernandez v. CIR, 490 U.S. 680, 699 (1989). Once the burden is established, as it has now been so done in Plaintiff's case, <u>at that point</u>   **the burden shifts to the government** to show that the challenged action furthers a compelling government interest in the least restrictive manner. The critically important point here, in Plaintiff's case, is that the "RFRA requires the Government to demonstrate that **the compelling interest test** is satisfied through specific application of the challenged law 'to the person' -- the particular claimant whose sincere exercise of religion is being substantially burdened. 42 U.S.C. § 2000bb-1(b)." **Gonzales v. O Centro Expirata**, 163 L Ed 2d 1017, 1027 (2006)(**unanimous opinion delivered by Roberts, C.J.**).

The Plaintiff in this case does not now have the burden upon him that he may prevail on the merits in order to have the TRO GRANTED. The government may not assert that the Plaintiff who seeks pre-trial relief bears the burden of demonstrating a likelihood of success on the merits, Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)(per curiam), before a prohibition to the application of 42 U.S.C. §§ 14135a, et. seq. to the Plaintiff may be Granted. "This argument is foreclosed by our recent decision in Ashcroft v. American Civil Liberties Union, 542 U.S. 565 (2004)." Gonzales v. O Centro Espirita, supra at 1030. "In Ashcroft, we affirmed the grant of a preliminary injunction in a case where the government had failed to show a likelihood of success under the compelling interest test. We reasoned that '[a]s **the government bears the burden of proof on the ultimate question [of the Act's] constitutionality**, [Movants] must be deemed likely to prevail ...' Id at 666. That logic extends to this case." Gonzales, supra at 1030. Similarly, the Plaintiff is here also entitled to have any governmental parties or their agents preliminarily enjoined from forcably extracting the Plaintiff's DNA, imposing sanctions or penalties upon

Plaintiff for invoking the protections of the RFRA, or any other "adverse" consequences or damages to an irreparable injury of violating the Plaintiff's First Amendment Free Exercise Clause rights and his sincerely held religious beliefs. "**The point remains that the burdens at the preliminary injunction stage track the burdens at trial**", Ibid, and the Plaintiff is, herewith, entitled to the issuance of an immediate injunction pending final resolution on the merits in this case and through any subsequent appeals.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS THAT this Honorable Court, **GRANT** this EMERGENCY MOTION of Issuance of Temporary Injunctive Relief to enjoin any and all parties, government or otherwise, from applying to the Plaintiff the statute 42 U.S.C. § 14135a, et. seq. (2004), or from imposing or effecting any adverse actions or consequences from the Plaintiff having invoked the RFRA pending resolution by this Honorable U.S. District Court on this matter on the merits. The Plaintiff further prays for any and all further relief to which this Honorable Court may so provide.

VERIFIED

I, JOHN BEAIRD, state, affirm, and attest that the foregoing is true and correct in all aspects of fact and otherwise, on this the 8th of March, 2007, by evidence of my signature below.

_____
JOHN BEAIRD

Respectfully Submitted,

JOHN BEAIRD
14355179 SATELLITE CAMP  POB 9000
SEAGOVILLE, TX  75159-9000

JOHN BEAIRD
14355179 SATELLITE CAMP POB 9000
SEAGOVILLE, TX  75159-9000

DALLAS TX 752

09 MAR 2007 PM 5 T



UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
333 CONSTITUTION AVE  NW
WASHINGTON, D.C.  20001

RECEIVED

MAR 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

LEGAL MAIL

20001+2802

LEGAL MAIL