UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN M. BEAIRD and ROBERT MIHAILOVICH, ) <br> ) <br> Plaintiffs, *pro se* ) <br> ) <br> v. ) <br> ) <br> ALBERTO GONZALES, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 06-2268 (JDB) |

**DEFENDANTS' COMBINED OPPOSITION TO
(1) PLAINTIFFS' MOTION FOR RECONSIDERATION AND SANCTIONS, AND
(2) PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

Federal Defendants, the Federal Bureau of Prisons ("BOP"), the United States of America, Alberto Gonzales, U.S. Attorney General, and Harley Lappin, Director, BOP, respectfully oppose (1) Plaintiffs' motion for reconsideration and sanctions, no. [21]; and (2) Plaintiffs' motion for temporary restraining order, no. [23]. In their complaint, Plaintiffs, two federal prisoners appearing *pro se*, allege prison overcrowding in the federal prison in Seagoville, Texas, poor conditions in the prison's Building Nine, as well as destruction of Court documents from the files of this Court in early 2006. Plaintiffs' complaint included a request for a temporary restraining order ("TRO") regarding Building Nine at the Seagoville facility, which they dub the "Hole."

In motion no. [21], Plaintiffs seek reconsideration of the Court's denial of their request for a TRO, see no. [20], and sanctions against Defendants, both on the basis of Defendants allegedly failing to serve copies of their court filings on Plaintiffs. In no. [23], Plaintiffs seek a TRO based on allegations of mandatory blood draw for DNA profiling, allegations which appear

nowhere in their complaint in this case.

**Motion no. [23].** The motion for a TRO, no. [23], should be denied because the motion provides no supporting evidence of any kind, makes only conclusory allegations regarding mandatory DNA tests via blood draws and allegedly resulting violations of the First Amendment and Religious Freedom Restoration Act. Plaintiffs explain only that their "verified" complaint contains further allegations relevant to these claims. A review of Plaintiffs' complaint in this case reveals no such allegations or explanations. In fact, there is no evidence in the record to support any of the factual allegations in their motion no. [23]. Accordingly, there motion should also be denied as groundless.

At the same time, DNA testing of prisoners' blood is constitutional and so their claims would necessarily fail anyway. See, e.g., Johnson v. Quander, 440 F.3d 489 (D.C. Cir. 2006).

**Motion no. [21].** As for the motion for reconsideration of the denial of the TRO, no. [21], Plaintiffs' basis is the alleged failure of BOP to permit delivery of the service copies of Defendants' court filings. BOP does not keep records of delivery of all mail to prisoners and so no record exists to show whether or not Plaintiffs received the earlier service copies mailed to them by undersigned counsel in this case. BOP regulations do create special procedures for "legal mail" but these are intended primarily for attorneys to communicate with their incarcerated clients. Moreover, based on the experience of this Office, the "legal mail" procedures may sometimes slow delivery of the mail to prisoners. BOP does track certified mail, however, and a second set of copies of Defendants' (1) opposition to the TRO and (2) motion to dismiss was recently served by certified mail and, three business days later, signed for by Plaintiffs. See no. [22] (notice of re-service); Ex. 1 hereto, Decl. of Jeannine Milton.

In any event, Plaintiffs were made aware of the Court's denial of their request for a TRO, including the fact that the Court noted that neither Plaintiff produced any evidence that they are either currently housed in Building Nine or are about to be housed there in the near future and, therefore, they are incapable of showing irreparable harm as required for a TRO. Thus fully aware of the basis of the Court's denial of the TRO, Plaintiffs nevertheless seek reconsideration without providing any evidence to cure the obvious defect in their request. Nor have they done anything to cure any of the numerous other defects in their claims, as described in Defendants' motion to dismiss. Accordingly, there is no basis for reconsideration of the denial of the TRO, much less a basis that would satisfy the appropriate standard for reconsideration. See Fed. R. Civ. Pro. 59(e) and 60(b). Plaintiffs' motion should be denied.

It bears noting as well that the first set of service copies sent to Plaintiffs have not been returned to this Office, either as undeliverable or otherwise, and also that certified mail is not any faster in reaching its destination than the first class mail used for the first set of service copies.

As for Plaintiffs' request for sanctions, this should be denied as meritless. As an initial matter, Plaintiffs' request for sanctions under Rule 11(b) should be summarily rejected for the simple reason that they have not complied with Rule 11, expressly requires that movant must serve the motion for sanctions 21 days prior to filing the motion in court, in order to provide time for the withdrawal or correction of the motion, pleading or other paper. See Fed. R. Civ. Pro. 11(c)(1)(A); see also Charles Alan Wright & Arthur R. Miller, 5A Federal Practice & Procedure §§ 1337 to 1337.2 (3d ed. 2004); id. at 713 ("a motion for sanctions may not be filed or presented to the district court until twenty-one days have elapsed after service of the motion on the parties[.]"). This rule provides a safe harbor for the other party to correct or withdraw the paper

called into question.  See, e.g., Long v. DOJ, 207 F.R.D. 4 (D.D.C. 2002).

In addition, their proposed remedy of issuance of the TRO as a sanction is wildly disproportionate to the alleged problems with the mail.  The disproportionality manages to grow even larger when it is remembered that neither Plaintiff has yet produced any evidence that either one is either housed in Building Nine or about to be.  Hence, the TRO aimed at shutting down Building Nine remains unsupportable as a matter of law.

March 29, 2007                                          Respectfully submitted,

                                                        JEFFREY A. TAYLOR, D.C. Bar # 498610
                                                        United States Attorney

                                                          /s/
                                                        RUDOLPH CONTRERAS, D.C. Bar # 434122
                                                        Assistant United States Attorney

                                                          /s/
                                                        ALAN BURCH, D.C. Bar # 470655
                                                        Assistant United States Attorney
                                                        555 4th St., N.W.
                                                        Washington, D.C. 20530
                                                        (202) 514-7204
                                                        alan.burch@usdoj.gov

**Certificate of Service**

I certify that copies of the foregoing Defendants' Combined Opposition to (1) Plaintiffs' Motion for Reconsideration and Sanctions, and (2) Plaintiffs' Motion for Temporary Restraining Order were sent this 29th day of March, 2007, to *pro se* Plaintiffs, via Certified Mail, receipt nos. 7099 3400 0014 4338 5747 and 7099 3400 0014 4338 5730 respectively to:

John M. Beaird
R# 14355-179
F.C.I. - Seagoville
POB 9000
Seagoville, Texas 75159

Robert Mihailovich
R# 33446-177
F.C.I. Seagoville
POB 9000
Seagoville, Texas 75159

/s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN M. BEAIRD, et al.,           )
                                  )
    Plaintiffs,                   )
                                  )
v.                                )  Civil Action No. 06-2268 (JDB)
                                  )
ALBERTO GONZALEZ, et al.,         )
                                  )
    Defendants.                   )
                                  )

**DECLARATION OF JEANNINE MILTON**

I, Jeannine Milton, declare the following to be a true and correct statement of facts:

1. I am employed as a Case Manager by the United States Department of Justice, Federal Bureau of Prisons, at the Federal Correctional Institution (FCI), in Seagoville, Texas.

2. The statements made herein are made on the basis of knowledge acquired through the performance of my official duties. My official duties include distributing certified mail to the inmates assigned to me.

3. I hereby certify that the attached record is a true and correct copy of a page from the FCI Seagoville camp's mail log for incoming inmate certified mail. I made the attached copy myself from the original log. The log is a record that is made on the date a piece of certified mail is delivered to an inmate at the FCI Seagoville camp. It is a record that is kept in the course of the regularly conducted activity of the institution and it is the regular practice of the institution's systems activity to keep such a record. Due to privacy concerns, the entries on the attached record pertaining to inmates

      other than FCI Seagoville inmates John Beaird, Reg. No. 14355-179, and Robert Mihailovic, Reg. No. 33446-177, have been redacted.

4. On the log, the FCI Seagoville employee distributing the mail notes the date, the certified mail receipt number, the name and register number of the inmate to whom the mail is addressed, and the name and address of the sender. When the mail is handed to the inmate recipient, the inmate and the staff member who delivered the mail sign the log to verify it has been delivered on the date listed.

5. The attached record reflects that on March 26, 2007, I delivered certified mail sent from the United States Attorney's Office in Washington, D.C. to inmates Beaird and Mihailovic. The attached record further reflects that inmates Beaird and Mihailovic both verified the delivery by signing the log book upon receipt.

<u>Conclusion</u>

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

    Executed on this 28th day of March, 2007.

                                          Jeannine Milton
                                          Case Manager
                                          FCI Seagoville
                                          P.O. Box 1000
                                          Seagoville, TX 75159

| DATE | Certified # | Item/Items | To | Sender | Date Del | Ifm Sender | Sgt Sgn |
|---|---|---|---|---|---|---|---|
| 3/26/07 | 7002-2030-0004-4458-8759 | ▓▓▓ Brainard | 14355-179 | U.S. Atty ▓▓ 555 4th St NW Wash DC 20001 | 3/26/07 | ▓▓▓▓ | ▓▓ |
| 3/26/07 | 7002-2030-000-6340- | Michalic | 33146-177 | U.S. Atty 555 4th St Wash DC 20001 | 3/26/07 | ▓▓▓▓ | ▓▓ |