UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

RECEIVED

APR 2 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| JOHN M. BEAIRD, ROBERT MIHAILOVICH and JOHN M. BEAIRD and ROBERT MIHAILOVICH On Behalf Of ALL SIMILARLY SITUATED INDIVIDUALS. (FILED AS A CLASS ACTION COMPLAINT) Plaintiffs | § § § § § § § | |
| vs. | § § | No. 06-2268-JDB |
| ALBERTO GONZALES (Individually), HARLEY G. LAPPIN (Individually), UNITED STATES OF AMERICA FEDERAL BUREAU OF PRISONS Several Unknown Agents of the Federal Government. Defendants | § § § § § § § § | |

PLAINTIFFS' MOTION TO STRIKE

DEFENDANTS' EXHIBITS CONTAINED WITHIN

"DEFENDANTS' MOTION TO DISMISS AND/OR SUMMARY JUDGMENT

OR IN THE ALTERNATIVE TO TRANSFER" and in

"DEFENDANTS' COMBINED MEMORANDUM" Filed in Support of DEFENDANTS' MOTION

TO HONORABLE JUDGE OF SAID COURT:

COMES NOW, JOHN M. BEAIRD, and ROBERT MIHAILOVICH, Plaintiffs, in the above-styled and numbered cause of action, and files this MOTION TO STRIKE certain exhibits in whole and in part for cause and as a matter of law and submits to this Honorable Court the following:

It is well-established that a Motion for Summary Judgment can be supported by exhibit. FRCP Rule 56(e) provides, however, that evidence used to support a Motion for summary Judgment **Must** be admissible. Moreover, any documents submitted in support of such a motion must be of evidentiary quality of admissible documents, similarly also requiring that such proffered evidence be **authenticated** by **personal knowledge** and **certified** copies. See <u>Baily v. Floyed City Bd. of Educ.</u>, 106 F3d 135, 145 (6th Cir. 1997). To be considered as summary judgment proof, the documents <u>MUST</u> be sworn or certified copies. FRCP R. 56(e). Generally, the documents are authenticated by a statement in the affidavit identifying and qualifying them as admissible evidence, such as business records under 28 U.S.C. § 1732; see also <u>Pfeil</u>, 757 f2d at 859-860. Public records may also be utilized as proof **ONLY** if properly authenticated or "certified copies" are provided. See FRCP R. 902(4).

(A)

The Defendants have improperly attempted to introduce as evidence in their Motion and Memorandum in Support of such, documents which have not been properly authenticated, nor are they certified copies. FRE R. 902(4) provides: "A copy of an official record or report or entry therein or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office" **MUST** be "certified as correct by the CUSTODIAN or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule ... ". Ibid.

The following documents which Defendants attempt to introduce in support of their Motion <u>MUST</u> Be <u>**STRICKEN**</u> for failure to either properly authenticate, or to provide Certified Copies of same from the Custodian of Records, as required pursuant to FRE R. 902(4):

2

**1)**   DEFENDANTS' EXHIBITS 1A thru 1E;

**2)**   DEFENDANTS' EXHIBIT 2;

**3)**   DEFENDANTS' EXHIBIT 3;

**4)**   DEFENDANTS' EXHIBIT 4;

**5)**   DEFENDANTS' EXHIBIT 5;

**6)**   DEFENDANTS' EXHIBIT 6;

**7)**   DEFENDANTS' EXHIBIT 7;

**8)**   DEFENDANTS' EXHIBIT 8;

Additionally, the following documents & exhibits of Defendants MUST be **STRICKEN** as such are not authenticated as "based upon personal knowledge" within an Affidavit attached to Defendants' Motion & Memorandum:

**9)**   DEFENDANTS' EXHIBIT 9: (No Affidavit supporting authenticity or it being a certified copy pursuant to FRE R. 902);

**10)**   DEFENDANTS' EXHIBIT 10: (same);

**11)**   DEFENDANTS' EXHIBIT 12: (Documents A thru F): (Documents not authenticated within Affidavit, nor identified as documents pursuant to 28 U.S.C. § 1732);

**12)**   DEFENDANTS' EXHIBIT 13: (Documents A thru F): (Documents not authenticated within Affidavit, nor identified as documents pursuant to 28 U.S.C. § 1732);


Further, **all portions** of **both Affidavits** ("Declarations of Bruce Plumley")[1] containing any reference to any, and all, of the above-referenced documents which must be stricken, Must ALSO be **STRICKEN** from each Declaration, there-of.

Additionally, ALL PORTIONS OF DEFENDANTS' MEMORANDUM & MOTION that contain any reference to, or reliance upon, any of the above-referenced documents or

---

[1] Both Declarations should also be stricken in full due to Defendants' failure to comply with FRCP R. 26(a)(2) in that the witness is presenting evidence under FRE Rules 702, 703 & 705. - See Mannola v. Farrow, 476 F3d 453, 456 (7th Cir. 2007)

3

exhibits which must either be stricken, or stricken-in-part, Must also be STRICKEN from Defendants' Memorandum and Motion.

Finally, Defendants' Memorandum at **"Section F"** (pgs 22-23 of DM) Must be STRICKEN in Full because such is CONCLUSIONARY AND NOT BASED ON PERSONAL KNOWLEDGE. The Defendants do not support such "allegation" by either "verified pleadings" or by Affidavit based on personal knowledge, such is no more than "inadmissible hearsay" which cannot be considered. Moreover, the pleadings are not competent summary judgment proof unless properly verified. See <u>Wallace v. Texas Tech Univ</u>, 80 F3d 1042, 1047 (5th Cir. 1996); <u>Orson, Inc. v. Miramax Film Corp.</u>, 79 F3d 1358, 1372 (3rd cir. 1996); <u>Lipton v. Nature Co.</u>, 71 f3d 464, 469 (2nd Cir. 1995). Accordingly, SECTION F, with regards to "Plaintiffs have failed to properly serve Gonzales" Must be STRICKEN.

In that same respect, Defendants' allegation contained at DM pg. 23 (within Section F, ante) referencing that "unless an unnamed unidentified defendant voluntarily makes an appearance or otherwise waives the lack of personal jurisdiction defense, the court lacks personal jurisdiction over that individual". Id. The Defendants have not provided either verified pleadings, or an Affidavit to support a contention that such Defendants either have not made an appearance or haven't provided a waiver to such personal jurisdictional defense. As such, this portion of Defendants' Motion and Memorandum Must also be STRICKEN.


### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS PRAY THAT this Honorable Court STRIKE ALL PORTIONS of Defendants' Motion and Memorandum in Support of same, the Exhibits, there-of as so indicated, supra, as a matter of law for the good and meritorious reasons as shown herein. And Further provide any and all other relief to which this Court may provide.

Respectfully Submitted,

JOHN BEAIRD

ROBERT MIHAILOVICH

### CERTIFICATE OF MAILING

I (we), JOHN BEAIRD and ROBERT MIHAILOVICH, certify and attest under penalty of perjury that this filing was deposited into the institutional mail system, first class postage pre-paid, addressed to the clerk of the court, on this the _13th_ Day of _April_ , 2007, and is, thereby, considered "FILED" On Same Date (see "Inmate Mailbox Rule").

JOHN BEAIRD

ROBERT MIHAILOVICH

### CERTIFICATE OF SERVICE

I (we), JOHN BEAIRD and ROBERT MIHAILVOCH certify that a copy of this filing was attempted to be sent to the parties of this action on this _13th_ Day of _April_ , 2007, however, due to the inability of the Plaintiffs to obtain copies Plaintiffs request this court serve said filing on all parties. Plaintiffs have made a good faith attempt, but Defendants' conduct continues to deny access to the courts as needed.

JOHN BEAIRD

ROBERT MIHAILOVICH

### VERIFICATION

I, JOHN BEAIRD and ROBERT MIHAILOVICH hereby attest that this filing was filed in good faith and the facts contained herein are true and correct on this the _13th_ Day of _April_ , 2007.

JOHN BEAIRD

ROBERT MIHAILOVICH