UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

JOHN M. BEAIRD, ROBERT MIHAILOVICH and
JOHN M. BEAIRD and ROBERT MIHAILOVICH
On Behalf Of
ALL SIMILARLY SITUATED INDIVIDUALS.
(FILED AS A CLASS ACTION COMPLAINT)
       Plaintiffs

vs.

ALBERTO GONZALES (Individually),
HARLEY G. LAPPIN (Individually),
UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
Several Unknown Agents
of the Federal Government.
       Defendants

No. 06-2268-JDB

PLAINTIFFS' REPLY IN OPPOSITION TO
DEFENDANTS' MOTION TO ENLARGE TIME TO FILE REPLY (TRAVERSE)
IN SUPPORT OF MOTION TO DISMISS AND/OR SUMMARY JUDGMENT...

TO HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFFS in the above-styled and numbered cause of action and files this OPPOSITION to Defendants' Motion and submits the following:

**RECEIVED**

MAY 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

On April 13, 2007, the Plaintiffs in this case filed (see inmate mailbox rule) Plaintiffs' Reply ("Plaintiffs' Reply") to the "Defendants' Motion to Dismiss And/Or Summary Judgment Or In The Alternative To Transfer" ("DM"). The DM attempted to allege that there were no genuine issues of material fact regarding the "stolen documents" allegations of claims of Plaintiffs, and moved for Summary Judgement on that issue. Now, after the Plaintiffs have affirmatively shown by evidence entered into the record in the Plaintiffs' Reply that TWO GENUINE ISSUES OF MATERIAL FACT are clearly in dispute and at issue, the Defendants seek to unjustly DELAY THESE PROCEEDINGS, in that, even if the Defendants could obtain an enlargement until the end of recorded time (of course this date and period being now debated among noted theologians) this would not change the FACT that the PLAINTIFFS HAVE ALREADY MET THEIR BURDEN OF SHOWING A GENUINE ISSUE OF MATERIAL FACT, and has already defeated Defendants' Summary Judgment Motion in this respect. Defendants do not get a "Mulligan" just because they are the United States and should receive "preferred treatment" of an impartial (and independent) United States District Court. No "Mulligan" cures a "failure of proof" of which the Defendants' Summary Judgment Motion now suffers in this regards. Moreover, the Defendants' incorporated Motion to Dismiss within the DM, similarly, is a plain and straightforward issue that is nothing extravagant to what the United States "surely" must deal with on a daily basis in numerous other pieces of litigation, this one having nothing extraordinary to such similar suits. The **outlandish** request for ONE AND A HALF MONTHS of an Enlargement of Time to file an additional filing (when the Defendants have already entered their original motion and evidence into the record and the Plaintiffs had an opportunity to respond to those particular claims) is unreasonable (even the appellate courts only allow 30 days maximum on complete appeal briefs!), but, more importantly,

delays these proceedings and prejudices the Plaintiffs.

The Plaintiffs have alleged in Plaintiffs' well-pled complaint that the constitutionally violative conduct of the Defendants, and damages to Plaintiffs thereof, are continuous and ongoing, thus <u>each day delay represents additional harm to the Plaintiffs</u>. Moreover, such damages are ongoing and irreparable and such delay by the Defendants in this case for an enlargement of time further prejudices the PLAINTIFFS' ABILITY TO OBTAIN AND SUBPOENA WITNESSES which Plaintiffs intend to subpoena as they move away or become unavailable.

Defendants unreasonably attempt to utilize an "enlargement of time" in this current Summary Judgement Motion TO DEVELOP THEIR DEFENSE IN THIS LITIGATION WHEN THAT PREPARATION SHOULD BE DONE "ON THEIR OWN CLOCK" and the Defendants be required to Answer the Claims made in this litigation once this Motion is disposed of by the Court requiring the Defendants to enter their answer.

Plaintiffs object to any enlargement of time or PREFERENTIAL TREATMENT of the named government defendants (and the government itself) named as Defendants in this case by the Court. Moreover, the Defendants, although claiming "other pressing litigation matters" they **have not entered** such allegations of "fact" either through a VERIFIED MOTION or by AFFIDAVIT. Defendants' unreasonable request for enlargement of time prejudices Plaintiffs, is for delay purposes, and cannot serve any purpose at this point as the Plaintiffs have already met their burden necessary of disposing of Defendants' Motion for Summary Judgment and/or to Dismiss ... . Accordingly, this Court should **DENY** Defendants' request to enlarge time and should render a decision base on the submissions already made by each party.

PARYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs PRAY THAT this Court DENY Defendants' Motion requesting an enlargement of time; and

FURTHER PRAYS THAT this Court render decisions on the submissions already submitted by each party in this case.

Respectfully Submitted,

JOHN BEAIRD

CERTIFICATE OF MAILING

I, JOHN BEAIRD, Certify under penalty of perjury that this filing was deposited into the institutional mail system on this 1st Day of May, 2007, and is CONSIDERED FILED ON SAME DATE, First Class Postage pre-paid, addressed to the Clerk of the Court.

JOHN BEAIRD

CERTIFICATE OF SERVICE

Due to the conduct of the Defendants in this cause of action, the Plaintiffs are unable to obtain copies to send a copy to the defendants and requests the court to do such.

JOHN BEAIRD