UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN M. BEAIRD, and | § | |
| ROBERT MIHAILOVICH, and | § | |
| JOHN M. BEAIRD and | § | |
| ROBERT MIHAILOVICH | § | |
| On Behalf Of | § | |
| All Similarly Situated Individuals | § | |
| (Filed as a Class Action Case) | § | |
| | | |
| PLAINTIFFS | § | |
| vs. | § | No. 06-2268 (JDB) |
| ALBERTO GONZALES, et. al. | § | |
| DEFENDANTS | § | |

RECEIVED
JUN 1 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PLAINTIFFS' MOTION TO STRIKE and

INCORPORATED OBJECTION TO

"Defendants' Second Motion To Enlarge Time To File Reply

In Support of Motion To Dismiss And/Or Summary Judgment

Or In The Alternative To Transfer"

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs JOHN BEAIRD and ROBERT MIHAILOVICH **OBJECT TO**, and **MOVE TO STRIKE** the above-entitled Motion submitted by the Defendants as it is unreasonable, prejudices Plaintiffs, and it fails to conform to the requirements and mandates of the FRCP Rules 5(d) and 6(b), and is unreasonable.

FRCP Rule 6(b) provides that the court may <u>only</u> grant a Motion to Enlarge Time "if request therefore is made **before** the expiration of the period originally prescribed or as extended by a previous order". FRCP R. 6(b). The Plaintiffs submit that the Defendants are untimely in such request and Motion and that the court would be without authority to grant Defendants' Second Request for two important reasons:

1) This court has not (did not) grant the Defendants' First Request to Enlarge Time. Accordingly, although Defendants' First Request to Enlarge Time was timely filed prior to local rules requirement, because this court **did not (had not)** grant at the time of the Defendants' submission of this Motion any enlargement, there existed **no enlarged time period** or date that had been "extended by a **previous** order". FRCP R. 6(b). Thus, the submission of the Defendants' Second Motion is **untimely submitted** and the request <u>was not</u> submitted **before** any order issued which would have extended the original date on which such a request was required to be submitted.

2). FRCP R. 5(d), "**Filing**; Certificate of Service", is very clear in its commands stating: "[a]ll papers after the complaint required to be served upon a party, together with a certificate of service, **must** be filed with the court within a reasonable time <u>after</u> service ...". Accordingly, a filing of papers, or Motion, as in this instant case, is "untimely filed" if it is filed with the court <u>prior to</u> service upon the opposing party, FRCP R. 5(d), under its prescription and mandate of "Filing" which gives NO legal or viable authority

for a court to consider a filing as "timely filed" and thus "legally filed" if it is filed "prior to" service upon opposing party.

"Service" under FRCP Rule 5(a) is made by "[m]ailing a copy to the last known address of the person served." FRCP R. 5(b)(2)(B). Importantly, service by mail is "<u>complete</u> [only] on mailing". Id. Service by use of the U.S. Postal Service is considered upon mailing. <u>Prince v. Poulos</u>, 876 F2d 30, 32 n.1 (5th Cir. 1989). Although the Defendants **<u>falsely</u>** and **<u>fraudulently</u>** claim in the Defendants' Certificate of Service of "Defendants' Second Motion to Enlarge Time (see Defendants' Cert. of Service in said Motion) that "I hereby certify that on this **7th** day of June 2007, the foregoing Defendants' Second Motion to Enlarge Time To Reply ... was served on pro-se Plaintiffs, postage prepaid ... " such **<u>false</u>** and **<u>fraudulent</u>** statement <u>is</u> <u>not</u> born out by the evidence. The defendants utilize a postage meter for D.O.J. mailing, Meter # 016H16601050, used for "U.S. Official Mail" which imprints and affixes a postal fee and stamp upon the mailing envelope. Such postage is affixed by the Meter **<u>prior to</u>** deposit of such piece of mail into or at a U.S. Post Office or entry into the U.S. Postal System. The evidence in this case (See Appendix "A") bears undeniable evidence and proof that the date of affixation and imprint of such postage on the Certified Mail No. 7002-2030-0006-6450-8333 is **06/08/2007** (JUNE 8, 2007). Consequently, deposit into the U.S. Postal office of this piece of mail (containing the Defendants' instant Motion) could not, nor did not, occur prior to June 8, 2007. The date of mailing is the date the envelope is deposited at a post office or placed in a mailbox. <u>Theede v. U.S. Dept. of Labor</u>, 172 F3d 1262, 1266 (10th Cir. 1999); <u>Greene v. WCI Holdings Corp.</u>, 136 F3d 313, 315 (2nd Cir. 1998); <u>U.S. v. Kennedy</u>, 133 F3d 53, 59 (D.C. Cir. 1998). The date of mailing may be determined by the postmark on the letter. The Defendants' instant Motion <u>was</u> <u>not</u> placed in the U.S. Mail on June 7, 2007, nor at any time

prior to June 8, 2007. Service was not complete on June 7, 2007. Because FRCP R. 5(d) permits filing of a document with the court only "after service" of Plaintiffs, and that Plaintiffs were not served prior to June 8, 2007 (at best!), the Defendants' instant Motion was **untimely** (too early) filed with the court, such Motion is not authorized to be considered pursuant to the Rules and is untimely.

The Defendants' instant Motion is untimely in both these regards, one too late, and one too early, and as a matter of law, such Motion must be STRICKEN as untimely submitted.

Plaintiffs make no comment on the Defendants' falsification of the effecting of service upon the Plaintiffs of the instant Motion, but, remind this Honorable Court of the previous well-documented similar problems the Defendants have had in properly serving the Plaintiffs in this case. Previous filings of the Defendants, as documented, are such that no record what-so-ever of either the mailing or the receipt by Plaintiffs even exists and has been complained about to this court by the Plaintiffs. If an attorney certifies that a document was served when it was not, the attorney, or attorneys, may be subject to sanctions under FRCP R. 11, 28 U.S.C. § 1927, or the inherent power of the district court. Importantly, "the signer has a 'personal, nondelegable responsibility' to comply with the requirements of [FRCP] Rule 11 before signing the document." Garr v. U.S. Healthcare, Inc., 22 F3d 1274, 1278 (3rd Cir. 1994).

Finally, the Defendants' instant Motion is unreasonable, and unreasonably delays these proceedings, and although the Defendants allege the Plaintiffs are not prejudiced because a previous TRO was not granted, Plaintiffs **have** entered into the record claims of **continuous and ongoing serious constitutional**

**violations** in Plaintiffs' Original Complaint, that the Defendants have not disputed, and that "the court must accept as true all of the factual allegations contained in the Plaintiffs' Complaint, <u>Scandinavian Satellite SYS., A.S. v. Prime TV Ltd.</u>, 291 f3d 839, 844 (D.C. Cir. 2002)(citing <u>Swierkiewcz v. Sorema, N.A.</u>, 534 U.S. 506, 508 n.1 (2002) ); accordingly, this court <u>**must**</u> presume, as a matter of law, that the Plaintiffs are indeed currently incurring <u>additional</u> and ongoing damages to Plaintiffs' Constitutional rights and, as such, any further delay does indeed **prejudice the Plaintiffs.**

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Pray That this Court STRIKE Defendants' Second Motion to Enlarge Time, **DENY Defendants'** Motion to Enlarge Time, and proceed to rule on Defendants' originally submitted motions;

Plaintiffs Further Pray that this Court GRANT any and all other relief to which it may provide.

Respectfully Submitted,

JOHN BEAIRD                                   ROBERT MIHAILOVICH

## CERTIFICATE OF MAILING

I (we), JOHN BEAIRD and ROBERT MIHAILOVICH, certify and attest under penalty of perjury that this filing was deposited into the institutional mail system, first class postage pre-paid, addressed to the clerk of the court, on this the 13th Day of June, 2007, and is, thereby, considered "FILED" On Same Date (see "Inmate Mailbox Rule").

JOHN BEAIRD                                   ROBERT MIHAILOVICH

## CERTIFICATE OF SERVICE

I (we), JOHN BEAIRD and ROBERT MIHAILVOCH certify that a copy of this filing was attempted to be sent to the parties of this action on this 13th Day of June, 2007, however, due to the inability of the Plaintiffs to obtain copies Plaintiffs request this court serve said filing on all parties. Plaintiffs have made a good faith attempt, but Defendants' conduct continues to deny access to the courts as needed.

JOHN BEAIRD                                   (N/A)
                                              ROBERT MIHAILOVICH

## VERIFICATION

I, JOHN BEAIRD and ROBERT MIHAILOVICH hereby attest that this filing was filed in good faith and the facts contained herein are true and correct on this the 13th Day of June, 2007.

JOHN BEAIRD                                   (N/A)
                                              ROBERT MIHAILOVICH

APPENDIX "A"

John M. Beard
R# 14355-179
F.C.I. - Seagoville
POB 9000
Seagoville, Texas 75159





US OFFICIAL MAIL
$300 Penalty
For Private Use

US POSTAGE
$05.77⁰
Mailed From 20530
06/08/2007
016H16601050
Hasler