UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN M. BEAIRD and ROBERT MIHAILOVICH, ) | |
| ) | |
| Plaintiffs, *pro se* ) | Civil Action No. 06-2268 (JDB) |
| ) | |
| v. ) | |
| ) | |
| ALBERTO GONZALES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
AND/OR SUMMARY JUDGMENT OR IN THE ALTERNATIVE TO TRANSFER**

Federal Defendants, the Federal Bureau of Prisons ("BOP"), the United States of America, Alberto Gonzales, U.S. Attorney General, and Harley Lappin, Director, BOP, respectfully file this reply in support of their motion to dismiss and/or for summary judgment or in the alternative to transfer. Plaintiffs allege constitutional and tort claims arising out of prison conditions in Texas, as well as tampering with this Court's records. Plaintiffs' complaint suffers from numerous fatal defects and must be dismissed. Most generally, the complaint fails to identify any particular actions or decisions by Defendants Gonzales or Lappin and, because they may not be sued under a *respondeat superior* theory, Plaintiffs' allegations fail to state a claim.

1. **Plaintiffs' Texas litigation**. Plaintiff Beaird has dropped his Texas lawsuit, as he explains in his opposition. That does not change the conclusion that his insistence on litigating these same claims here is improper. This Court transferred his claims to Texas once and, if any of those claims were viable now, it should do so again. The repeat filing here is malicious.

Moreover, with respect to Gonzales and Lappin, Plaintiffs explain that they dropped them as defendants from their case no. 06-1312 because the Northern District of Texas lacked personal

jurisdiction over them. See Plf. Opp. at 3. This explanation makes sense only to the extent that it reflects Plaintiffs' similar failure in the prior action to explain which actions Gonzales and Lappin allegedly took, but in any event it is not clear that that issue of personal jurisdiction was adjudicated in Texas because the order terminating Gonzales and Lappin simply explains that it was plaintiff's choice in amending his complaint. See Ex. 1 hereto.

The import of this, however, is that it underscores a central defect in Plaintiffs' complaint: Gonzales and Lappin work in Washington, but Plaintiffs have failed to allege any particular actions by Gonzales and Lappin relating to the allegations in the complaint. Simply suing the heads of the respective agencies is not sufficient because that amounts to a *respondeat superior* theory, which must fail regardless of where the action is brought. See Cameron v. Thornburgh, 983 F.2d 253, 258 (D.C. Cir. 1993). Accord Plf. Opp. at 5 (arguing venue in D.C. on the basis of Gonzales and Lappin "approving, failing to act" etc.), at 9-10 (actions by BOP).

Similarly, Plaintiffs' argument that Gonzales and Lappin "set in motion" the actions alleged in their complaint, id. at 25-27, does nothing to correct this defect because it essentially restates the *respondeat superior* theory and fails to specify any actions by Gonzales or Lappin to perform the alleged misconduct themselves. Of course, if Gonzales and Lappin actually did take any such actions, they would be protected by qualified immunity.

2.     **Document tampering claims**. Plaintiffs proffer evidence that something of theirs (presumably their complaint in the original action here) was received by the Clerk of the Court on February 14, 2006. See Ex. 2 & 4 to Plf. Opp. Yet, Plaintiffs' own exhibits also demonstrate that the Court sent the complaint back because it had not been properly signed by all plaintiffs, and because they had not all requested leave to proceed *in forma pauperis*. See Ex. 5 to Plf. Opp.

This evidences undermines Plaintiffs' position because it further explains the propriety of the Clerk returning their papers to them.  It does nothing to establish wrong-doing of any kind by any official in the executive branch of government, much less Defendant Gonzales or Lappin, who have no role (alleged or otherwise) in the processing of complaints by the Clerk of the Court. None of the other exhibits filed by Plaintiffs hint at any wrong-doing other than their own mistakes in attempting to file suit here.  <u>See</u> Exs. 10, 11, 13, 15, 17, 18, 20 to Plf. Opp. (asking BOP for to explain why their papers were returned to them); <u>accord</u> Exs. 21, 23, 24 (alleging theft of documents from their mail by unspecified BOP personnel); Appendix A to Plf. Opp.

Plaintiff Beaird alleges that he placed phone calls to the Clerk of the Court and that he somehow gained a "present sense impression" that the Clerk's office personnel believed the papers to be missing.  <u>See</u> Plf. Opp. at 15-17.  This is not enough to create a triable dispute of fact.  The paper trail established by the Court records supporting Defendants' statement of material facts shows that Plaintiffs' papers were (re-)received on March 23, 2006, and were permitted to be filed on April 27, 2006, the same date that the Court transferred that case to the Northern District of Texas.  Verbose and repetitive as they are, Plaintiffs' claims consist of little more than speculation.  The fact remains that they have produced no evidence of wrongdoing by any of the named Defendants in this action, and certainly no evidence specific to Gonzales or Lappin.  Even if the Court were to reject Defendants' other defenses, therefore, summary judgment would be appropriate on the document tampering allegations.

Plaintiffs' *res ipsa loquitur* argument is without merit, for there is no reason to assume conduct by any of the named Defendants had anything to do with any of their allegations regarding tampering with Court records.  <u>Contra</u> Plf. Opp. at 21-22.

3.   **Sovereign immunity**.  Plaintiffs' arguments regarding sovereign immunity, id. at 29, do not clash with the propositions established by Defendants' motion to dismiss.

4.   **Qualified immunity**.  Plaintiffs' boilerplate argumentation here fails to explain either which actions Gonzales and Lappin took or why those officials should reasonably have known that those actions violated the Constitution.  See id. at 32-37.

5.   **Exhaustion of administrative remedies**.  BOP provides herewith an updated declaration explaining which claims have been exhausted by Plaintiffs Beaird and Mihailovich. See Ex. 2 & 3 hereto, Decls. Bruce Plumley (May 18, 2007).   Regarding Beaird, upon further review BOP has determined that he has exhausted, under the PLRA, his claims regarding overcrowding at Seagoville, including Building Nine, as well as his document tampering claims. See Ex. 2 at ¶¶ 5 & 7.

As for Mihailovich, he has exhausted two claims relevant to this lawsuit: first, his complaints regarding home confinement and release to a Residential Reentry Center, see Plumley Decl. (Mar. 2, 2007) ¶¶ 4 & 6 (referencing administrative cycle 425024), which claim now appears moot, as discussed below; and second, his complaint regarding certain medical concerns, see Ex. 3 hereto ¶¶ 5 & 9 (cycle 428713), which may well also be moot in light of his release. Mihailovich has not exhausted any other claims relevant to this suit.

6.   **Lack of service**.  Plaintiffs' argument regarding failure to serve Defendant Gonzales is without merit.  See Plf. Opp. at 30-31.

7.   **Tort claims**. It does not appear that Plaintiffs contest the substitution of the United States as sole Defendant for any tort claims in their complaint, by virtue of the Federal Tort Claims Act, nor Defendants' argument that all tort claims must be dismissed for failure to

exhaust administrative remedies under the FTCA.

8. **Mihailovich released from custody**. Finally, Plaintiff Mihailovich was released from BOP custody on June 27, 2007, according to the public record information at the BOP Inmate Locator at www.bop.gov. It appears then that his claims regarding the Seagoville facility are moot, as well as his claims regarding the document tampering in this Court because the claims in that complaint also related to the Seagoville facility.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request dismissal. In order that this will explicitly constitute a "strike" under 28 U.S.C. § 1915(g), Defendants respectfully request that the Court specify that dismissal is for failure to state a claim or as frivolous or malicious (in light of the repetitive filing of these claims here). See Thompson v. DEA, --- F.3d ---, 2007 WL 1814949, No. 04-5450 (D.C. Cir. June 26, 2007).

July 5, 2007                                     Respectfully submitted,

                                                 _____
                                                 JEFFREY A. TAYLOR, D.C. Bar # 498610
                                                 United States Attorney

                                                  /s/
                                                 _____
                                                 RUDOLPH CONTRERAS, D.C. Bar # 434122
                                                 Assistant United States Attorney

                                                  /s/
                                                 _____
                                                 ALAN BURCH, D.C. Bar # 470655
                                                 Assistant United States Attorney
                                                 555 4th St., N.W.
                                                 Washington, D.C. 20530
                                                 (202) 514-7204, alan.burch@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July 2007, I caused the foregoing Defendants' Reply in Support of Motion to Dismiss and/or for Summary Judgment, or in the Alternative to Transfer, and supporting exhibits to be served on *pro se* Plaintiffs, postage prepaid, via Certified Mail, with serial numbers 7002-2030-0006-6450-8340 and 7002-2030-0006-6450-8357 respectively, addressed as follows:

| | |
|---|---|
| John M. Beaird<br>R# 14355-179<br>F.C.I. - Seagoville<br>POB 9000<br>Seagoville, Texas 75159 | Robert Mihailovich<br>R# 33446-177<br>F.C.I. Seagoville<br>POB 9000<br>Seagoville, Texas 75159 |

/s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN BEAIRD, #14355-179, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 3:06-CV-1312-N |
| | § | ECF |
| DAN JOSLIN, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of reference in implementation thereof, this action has been referred to the undersigned Magistrate Judge.

In his amended complaint filed on December 1, 2006, Plaintiff added new defendants and left out four of the previously named Defendants, namely Harley G. Lappin, Alberto Gonzales, Dallas Amos, and the Estate of Dallas Amos.

An amended pleading replaces all previously filed pleadings.  *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)).

IT IS THEREFORE ORDERED that the Clerk shall TERM Defendants Harley G. Lappin, Alberto Gonzales, Dallas Amos, and the Estate of Dallas Amos.

Signed this 22nd day of January, 2007.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN BEAIRD, ET AL., <br> PLAINTIFFS, | ) <br> ) <br> ) <br> ) | |
| v. | ) <br> ) <br> ) | Civil Action No. 1:06CV02268 |
| FEDERAL BUREAU OF PRISONS, et al., <br> DEFENDANTS. | ) <br> ) <br> ) | |

## DECLARATION OF BRUCE PLUMLEY

I, Bruce Plumley, hereby make the following declaration:

1. I am an administrative Remedy Specialist for the Federal Bureau of Prisons (BOP) in Washington, D.C., and have been served in this capacity since August 22, 2005. I have been employed with the BOP since March 8, 1992.

2. This declaration is being provided as an update to my declaration dated March 7, 2007, that was provided to the Court regarding the above-captioned case concerning the administrative remedies filed by Plaintiff John Beaird, Register Number 14355-179.

3. The BOP's administrative remedy procedure is set out in 28 C.F.R. § 542.10 et seq., and provides formal review of any complaint which relates to any aspect of the inmate's confinement. Within this process, inmates are encouraged to first attempt resolution of their complaints informally by discussing the matter with a member of their Unit Team. A record of the attempt is signed by the inmate and a member of the Unit Team. If informal resolution is insufficient to resolve the matter, the inmate may submit a formal written Administrative Remedy Request to the Warden, on a designated form, within twenty days of the event that triggered the inmate's complaint. 28 C.F.R. § 542.14 (a). If the inmate is not satisfied with the Warden's response, he or she may appeal the response to the Regional Director, within 20 calendar days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the regional response, he or she may file a national appeal with the Office of General Counsel (in the Central Office) in Washington, D.C. within thirty calendar days of the date the Regional Director signed the response. Id. Appeal to the Central Office is the final administrative appeal in the BOP.

4. In accordance with 28 C.F.R. § 542.10 et seq., inmates must exhaust the formal grievance procedure. Once a response to an appeal is issued by the Central Office, the remedy cycle or subject matter is considered to have been exhausted. Submissions that have been rejected by the institution, Regional Office, and/or Central Office are not considered as a step toward exhaustion. For example, submissions which are illegible, untimely, or contain other defects of form are rejected and returned to the inmate.

5. Prior to executing this declaration, I again searched the SENTRY database for Administrative Remedies filed by the Plaintiff. As of today, Plaintiff has filed a total of twenty-six (26) remedy submissions while he has been incarcerated in the BOP. To date, only two remedy cycles have been pursued to exhaustion. Plaintiff has exhausted administrative remedy cycle 384260, overcrowded conditions in the institution, as well as the conditions in building 9 as alleged by Plaintiff in his complaint. Plaintiff has also exhausted administrative remedy cycle 410313, pertaining to the issue of staff improperly intercepting legal papers he intended to file in court. Records indicate that of the 26 remedy submissions Plaintiff has filed, thirteen (13) were rejected.

6. Review of Plaintiff's record reveals he submitted three additional Requests for Administrative Remedy since the date of my previous declaration. My search revealed that on March 9, 2007, Plaintiff submitted an administrative remedy request to the Warden pertaining to DNA testing, initiating remedy cycle 445251. The Warden rejected this request for administrative remedy for failure to attempt informal resolution. Records indicate that on March 26, 2007, Plaintiff submitted a request for administrative remedy to the Warden pertaining to DNA, initiating remedy cycle 446886. In a response dated April 26, 2007, the Warden denied his request. Records further indicate the Plaintiff submitted, on April 12, 2007, an administrative remedy request to the Warden pertaining to DNA, initiating remedy cycle 449090. An explanatory response from the Warden regarding this request is was issued on May 14, 2007. According to the SENTRY database, these three most recent Requests for Administrative Remedy, filed since the date of my previous declaration, pertain to DNA testing requirements or procedures, and have not been exhausted by Plaintiff.

7. As noted in my previous declaration, Plaintiff has exhausted with respect to administrative remedy cycle 384260, pertaining to the overcrowded conditions in FCI Seagoville. Within his administrative remedies, Plaintiff raises numerous issues pertaining to overcrowded conditions in the institution, as well as building 9 and other buildings. All of these issues appear to pertain to the entire institution and are related to the overcrowded conditions, Plaintiff has therefore exhausted the conditions in building 9 as alleged by Plaintiff in his complaint.

8. According to my recent review of the SENTRY database and available documentation, Plaintiff has exhausted remedy cycle 384260 as mentioned in paragraph seven, and administrative remedy cycle 410313, as addressed in my previous declaration. Plaintiff has failed to exhaust his administrative remedies with respect to all other issues addressed in his complaint.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 18 day May, 2007.

                                              Bruce Plumley
                                              Administrative Remedy Specialist
                                              Office of General Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN BEAIRD, ET AL., )
    PLAINTIFFS, )
)
)
v. ) Civil Action No. 1:06CV02268
)
)
FEDERAL BUREAU OF PRISONS, ET AL.,)
    DEFENDANTS. )
_____ )

DECLARATION OF BRUCE PLUMLEY

I, Bruce Plumley, hereby make the following declaration:

1. I am an administrative Remedy Specialist for the Federal Bureau of Prisons (BOP) in Washington, D.C., and have served in this capacity since August 22, 2005. I have been employed with the BOP since March 8, 1992.

2. This declaration is being provided as an update to my declaration dated March 7, 2007, that was provided to the Court regarding the above-captioned case concerning the administrative remedies filed by Plaintiff Robert Mihailovich, Register Number 33446-177.

3. The BOP's administrative remedy procedure is set out in 28 C.F.R. § 542.10 et seq., and provides formal review of any complaint which relates to any aspect of the inmate's confinement. Within this process, inmates are encouraged to first attempt resolution of their complaints informally by discussing the matter with a member of their Unit Team. A record of the attempt is signed by the inmate and a member of the Unit Team. If informal resolution is insufficient to resolve the matter, the inmate may submit a formal written Administrative Remedy Request to the Warden, on a designated form, within twenty days of the event that triggered the inmate's complaint. 28 C.F.R. § 542.14 (a). If the inmate is not satisfied with the Warden's response, he or she may appeal the response to the Regional Director, within twenty calendar days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the regional response, he or she may file a national appeal with the Office of General Counsel (in the Central Office) in Washington, D.C. within thirty calendar days of the date the Regional Director signed the response. Id. Appeal to the Central Office is the

       final administrative appeal in the BOP.

4. In accordance with 28 C.F.R. § 542.10 et seq., inmates must exhaust the formal grievance procedure. Once a response to an appeal is issued by the Central Office, the remedy cycle or subject matter is considered to have been exhausted. Submissions that have been rejected by the institution, Regional Office, and/or Central Office are not considered as a step toward exhaustion. For example, submissions which are illegible, untimely, or contain other defects of form are rejected and returned to the inmate.

5. Prior to executing this declaration, I again searched the SENTRY database for Administrative Remedies filed by Plaintiff. As of today, Plaintiff has filed a total of twenty-seven (27) remedy submissions while he has been incarcerated in the BOP. To date, only two remedy cycles have been pursued to exhaustion. As outlined in my previous declaration, Plaintiff has exhausted administrative remedy cycle 425024, with regard to home confinement and release to a Residential Reentry Center (RRC). Since the date of my previous declaration, Plaintiff has also exhausted administrative remedy cycle 428713, with regard to his medical concerns. Records indicate that of the 27 Administrative Remedies Plaintiff has filed, sixteen (16) were rejected.

6. Review of Plaintiff's record reveals he submitted two additional remedy submissions since the date of my previous declaration. My search of SENTRY revealed that on or about April 5, 2007, Plaintiff initiated remedy cycle with 448229-F1, requesting immediate placement to home confinement or release to a Residential Reentry Center (RRC). His request was denied by the Warden on April 23, 2007. The SENTRY database does not show further pursuit of this remedy cycle. These same issues were previously considered as formally exhausted in remedy cycle 425024.

7. My search revealed that on or about April 1, 2007, the Regional Director of the South Central Regional Office, issued a response to Plaintiff denying his appeal regarding special handling procedures of legal mail in Remedy Number 437378-R1. Plaintiff appealed the Regional Director's decision to the Central Office, on April 9, 2007, by submitting Remedy Number 437378-A1. On April 11, 2007, this appeal was rejected because Plaintiff did not provide the required attachments, with a 15-day deadline to resubmit the attachments. To date, this has not been resubmitted to the Central Office and therefore, has not been exhausted.

8. As noted in my previous declaration, on February 6, 2007, Plaintiff appealed the Regional Director's decision to deny his request for a consultation with a dermatologist as well as other medical concerns. Since the date of my first declaration, Plaintiff was issued a response. Specifically, in a response dated March 27, 2007, Plaintiff's request was denied by Central Office. See **Document A**, Central Office Administrative Remedy Appeal, Case Number 428713-A2. It was explained to Plaintiff, that the record reflects he is receiving medical care and treatment consistent with BOP policy. Because the

Central Office has issued a formal response to the inmate, Plaintiff has exhausted his administrative remedies with respect to his medical concerns.

9. According to my recent review of the SENTRY database and available documentation, Plaintiff has exhausted administrative remedy cycle 425024, with regard to home confinement and release to a Residential Reentry Center (RRC). Plaintiff has also exhausted administrative remedy cycle 428713, with regard to his medical concerns. Plaintiff has failed to exhaust his administrative remedies with respect to all other issues addressed in his complaint.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 18 day May, 2007.

Bruce Plumley
Administrative Remedy Specialist
Office of General Counsel

# DOCUMENT A

U.S. Department of Justice

Federal Bureau of Prisons

# Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: **Mihailovich, Robert L.**     33446-177     Camp     Seagoville TX 75159
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL**    (signed 1/8/07 delivered 1/16/07) Medical problem continue unresolved. My medical condition is getting progressively worst. I have made sick call several times complaining about dizziness which caused me to blackout and fall twice. High volumes of fluid have been drained from my elbow twice and this new problem remains unresolved. The swelling in my elbow has not improved, experiences incremental deterioration, and staff has stopped treatment attempts because the injury is not responding. I met the camp doctor, Mr. Capps, for the first time concerning my CT-Scan, told him I was concerned about the blackouts. (a body bouncing off the ground is not good). I attempted to readdressed, to Doctor Capps, the fact that nothing has been done concerning my "Eagle Syndrome", reiterating that I have never received an exam. He looked at my medical chart and acknowledged that nothing was done and commented that, concerning the CT-Scan report, the report recommended some additional actions and maybe that would show something. He instituted work related medical restrictions that have went ignored, so far, by staff. Request: outside medical intervention. My arm needs seen by a specialist. My dizziness and blackouts have not been, but needs to be, diagnosed. Reimbursement for all copying cost and postage imposed on me by the BOP to submit remedies. Money damages for any neglect, malpractice, and physical damages.

Dropped in institutional mailbox 1/26/07                    _[signature]_
        DATE                                              SIGNATURE OF REQUESTER

**Part B - RESPONSE**

**RECEIVED**

FEB 0 6 2007

Administrative Remedy Section
Federal Bureau of Prisons

---

        DATE                                      GENERAL COUNSEL
FIRST COPY: WASHINGTON FILE COPY                  CASE NUMBER: _428713-A2_

**Part C - RECEIPT**
                                                  CASE NUMBER: _____

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.     UNIT     INSTITUTION
SUBJECT: _____

_____     _____
        DATE                        SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                                              BP-231(13)
                                                                     JUNE 2002

Administrative Remedy No. 428713-A2
Part B - Response

You request an immediate evaluation by a consultant eye specialist. You contend you have suffered from a skin rash for ten months without a diagnosis. As relief, you request to be seen by a specialist for your arm, dizziness and blackouts. In addition, you request monetary damages.

Relevant portions of your medical record have been reviewed and reveal you have been diagnosed with seborrheic dermatitis, which is a chronic condition for which you have been prescribed topical medication.

On October 4, 2006, you were evaluated by a consultant opthalmologist at which time a threshold test was performed on both eyes. It has been determined that you are blind in the right eye and corrective eye wear has been recommended.

The record reflects you are receiving medical care and treatment in accordance with Bureau policy.

The Administrative Remedy Program does not provide for monetary relief. Your request for monetary compensation should be pursued through the appropriate statutorily mandated procedure to resolve this issue.

This response is provided for informational purposes only.

March 27, 2007
Date

Harrell Watts, Administrator
National Inmate Appeals