UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**John M. Beaird** *et al.*,

  **Plaintiffs,**

    v.           Civil Action No.  06-2268 (JDB)

**Alberto Gonzales** *et al.*,

  **Defendants.**

**MEMORANDUM OPINION**

  In this action filed *pro se*, two federal prisoners complain about conditions at the Federal Correctional Institution in Seagoville, Texas.[1]  Seeking injunctive and declaratory relief and monetary damages, plaintiffs name as defendants the United States and the Federal Bureau of Prisons, as well as Attorney General Alberto Gonzales and Bureau of Prisons Director Harley G. Lappin in their individual capacities.  Defendants move to dismiss or for summary judgment or, in the alternative, to transfer the case.  Upon consideration of the parties' submissions and the entire record, the Court will grant the motion to dismiss the complaint against Gonzales and Lappin pursuant to Fed. R. Civ. P. 12(b)(6), dismiss one count of the complaint as frivolous and transfer the remainder of the case to the United States District Court for the Northern District of Texas.

  Plaintiffs bring "multiple . . . causes of action . . . on several jurisdictional grounds." Compl. at 2.  Notably, they invoke the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et*

---

[1] *See* Order of March 5, 2007, denying plaintiffs' motion to certify case as a class action.

*seq.*, the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.*, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and "all applicable Texas Tort Statutes and Tex Statutes."[2] Compl. at 19. *Bivens* provides the only cause of action for which the named individuals may be held personally liable under federal law, but only to the extent that they were personally and directly involved in the alleged unconstitutional conduct. *See Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993). Otherwise, the Court has a duty to "stop insubstantial *Bivens* actions in their tracks and get rid of them." *Simpkins v. District of Columbia Government*, 108 F.3d 366, 369 -70 (D.C. Cir. 1997).

Plaintiffs' *Bivens* claim against the named defendants is based on generalized allegations about policy decisions resulting in prison overcrowding. Such "bare assumption[s] that policy decisions made in Washington might have affected [plaintiffs'] treatment in [Seagoville] . . . are based on nothing more than a theory of *respondeat superior*, which of course cannot be used in a *Bivens* action." *Cameron*, 983 F.2d at 258 (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Plaintiffs therefore have failed to state a claim against Gonzales and Lappin in their individual capacities.

In Count 7 of the complaint, plaintiffs accuse "several unknown agents of the federal government" of tampering with the Clerk's file presumably of an earlier civil action filed in this Court and removing documents therefrom. Compl. at 31. They then appear to claim that they received the missing documents some 45 days later but that the documents were "altered" and "falsified." *Id.* at 32. This unsubstantiated claim, which is wholly unrelated to the events forming the basis of the complaint, rests on the sort of "fanciful factual allegation[s]" warranting dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because

---

[2] Plaintiffs fail to state a claim under the ADA because it does not apply to the federal government. *See* 42 U.S.C. § 12111(2), (5)(B)(i) (excluding United States as an employer subject to the Act).

this is the only claim based on events that allegedly occurred within this judicial district, the Court will dismiss it pursuant to 28 U.S.C. § 1915A(b)(1), which requires the dismissal of "any portion" of a prisoner's complaint upon a determination that it is frivolous.

Because the venue provisions applicable to plaintiffs' remaining federal claims require that they be brought in the judicial district where the alleged wrongdoing occurred, *see* 28 U.S.C. § 1402(b) (FTCA); 42 U.S.C. § 2000e-5(f)(3) (Rehabilitation Act)[3], the Court grants defendants' motion to transfer the remainder of the case to the Northern District of Texas. A separate Order accompanies this Memorandum Opinion.

s/
JOHN D. BATES
United States District Judge

Dated: July 19, 2007

---

[3] The proper venue for litigating a Rehabilitation Act claim is determined by the special venue provisions of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5(f)(3). *See Bolar v. Frank*, 938 F.2d 377, 379 (2nd Cir. 1991) (citing, *inter alia*, *Archuleta v. Sullivan*, 725 F. Supp. 602, 604 (D.D.C. 1989)).