IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

JOHN M. BEAIRD and §
ROBERT MIHAILOVICH §
and JOHN BEAIRD and ROBERT MIHAILOVICH §
on behalf of §
ALL SIMILARLY SITUATED INDIVIDUALS §
    (Filed as a Class Action) §
    PLAINTIFFS §
§
§
vs. § No. 06-2268-JDB
§
ALBERTO GONZALES (Individually), §
HARLEY G. LAPPIN (Individually), §
UNITED STATES, §
FEDERAL BUREAU OF PRISONS, and §
Several Unknown Agents §
of the Federal Government. §
§
    DEFENDANTS §

Leave to file GRANTED

_/s/ John D. Bates_ 7/19/07
John D. Bates
United States District Judge

PLAINTIFFS' SUR-REPLY TO

"DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

AND/OR SUMMARY JUDGMENT OR IN THE ALTERNATIVE TO TRANSFER

COMES NOW, JOHN BEAIRD, and ROBERT MIHAILOVICH, Plaintiffs in the above-styled and numbered cause of action and files this "SUR-REPLY" as so entitled above and submits the following:

1. **STOLEN DOCUMENTS:** The defendants move for a Summary Judgment **only** on this particular issue. Again, the Defendants attempt to mislead this court into believing the documents that are subject to this claim are the documents received by the Clerk of the Court on March 23, 2006, when, in fact, this is incorrect, in that as Plaintiffs have made fully clear in "Plaintiffs' Memorandum In Support of Plaintiffs' Reply ..." ("Plaintiffs' Memorandum") the "documents" at issue and subject to such claim are the **documents that were received on F E B R U A R Y  2 7 ,  2 0 0 6**; this now clearly creates a genuine issue about a material fact (see Plaintiffs' Statement of Controverted Facts) to an element of Plaintiffs' claim that is in dispute and been controverted by facts and evidence entered into this record.

The Defendants would like the court to believe that they had no part of such conduct resulting in these claims specific to this matter ... this is an ultimate decision for the Honorable Jury to make as the Fact-Finder in this case pursuant to the Plaintiffs' invocation of their 7th Amendment right to jury trial in this case. This issue alone, inter alia, as Plaintiffs have submitted in Plaintiffs' Memorandum, require as a Matter of Law that the Defendants' Motion for Summary Judgment be **DENIED**.

Moreover, "a conclusionary assertion that the non-moving party has no evidence is insufficient". <u>Liberty Lobby v. Anderson</u>, 477 U.S. 242, 277 (1986); and, of course, incorrect. As the Plaintiffs have now entered into the record, the facts reveal that the stolen documents (and conduct there at issue) were stolen within the District of Columbia from the U.S. District Courthouse in Washington, D.C., and possessed there by the Defendants as they have already admitted in writing (see Administrative Remedy Response, BP-11 on stolen document issue; also at Exhibit #25 of Plaintiffs' Memorandum) were in the possession of the Defendants inside the Washington, D.C. headquarters office of

the Federal Bureau of Prisons, Department of Justice.

As the Plaintiffs previously submitted: "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the opponent of the summary judgment motion", U.S. v. Diebold, 369 U.S. 654, 655 (1962), and "where [Plaintiffs as] a party opposing summary judgment motion introduced evidence which would permit a jury to 'infer from the circumstances' that an actionable conspiracy had taken place, [the Defendants'] 'failure to foreclose' that possibility mandated denial of [the] motion." Adickes v. S.H. Kress & Co., 398 U.S. 144, 157-158 (1970). The Defendants in this case have not foreclosed any such possibility that the jury could not "infer from the circumstances" as submitted by the Plaintiffs the allegations and claims made against them. The Plaintiffs have met the threshold to require that the Defendants' Summary Judgment Motion on the stolen documents, those documents received by the clerk on FEBRUARY 27, 2006, as a Matter of Law, must be DENIED.

2). TORT CLAIMS: In the interest of judicial economy, the Plaintiffs concede that in-so-much as the tort claims made must comply with the Federal Tort Claims Act, that such tort-specific claims as made by the Plaintiffs against all Defendants must be Dismissed Without Prejudice, such that Plaintiffs may reassert such claims upon proper and complete exhaustion of administrative remedies under the FTCA. Plaintiffs make NOTE here, though, that although a claim (count) against an individual Defendant may assert "Failure to Act", inter alia, and that such could be construed, erroneously, as only a "tort" claim, this is specifically asserted by Plaintiffs to encompass "an affirmative act or affirmative omission" of "no action" by such individual Defendants that implicate "supervisory liability" (NOT RESPONDEAT SUPERIOR) of the individually named Defendants, and such, in respect to such claims, must not be

dismissed and Plaintiffs, hereby, retain.

3). <u>VENUE:</u>   Defendants attempt to mis-characterize Plaintiffs' claims against individual Defendants LAPPIN and GONZALES based on a respondeat superior theory, when that <u>IS NOT the theory</u> allowing for, and giving jurisdiction for, individual liabilities of Mssrs. LAPPIN and GONZALES. Plaintiffs have submitted that the "affirmative actions" (or omissions) and conduct of Mssrs. LAPPIN and GONZALES in that regard give rise to a cause, concurrent cause & liability, and liability of these individuals to Plaintiffs.  As Plaintiffs have already submitted in Plaintiffs' Memorandum, and in Plaintiffs' Original Complaint, such "affirmative actions" of these specific Defendants are, inter alia: failing to act, implementing, executing, allowing, causing to be allowed, causing to be implemented, failing to act to prevent, initiating, approving, or otherwise acting to "set in motion" a series of events, or common customs, practices, and policies which were (and are) a causation, concurrent causation, and proximate cause to Constitutional and Federal rights violations being effected upon Plaintiffs.  Such conduct also encompassing the individual acts of conspiring with, and aiding and abetting other parties, by these Defendants in what was also a causation, concurrent causation, and/or set in motion a series of events to same, and proximate cause to Constitutional and Federal rights violations being effected upon Plaintiffs. All such conduct, as alleged by Plaintiffs, and as uncontroverted by Defendants, <u>having occurred in Washington, D.C.</u> and the explicit jurisdiction of ONLY this U.S. District Court's jurisdictional area; and more importantly ONLY giving <u>this</u> U.S. District Court the personal jurisdiction upon these specific individual Defendants in a <u>Bivens</u> action for the specific conduct as alleged to have been conducted by these Defendants which give rise to the Plaintiffs' claims in this case.

Moreover, for the reasons outlined in Plaintiffs' Memorandum, for the reasons that all of the conduct at issue of the Defendants in the stolen documents claims, and in the other claims, occurred **within Washington,** D.C. and solely within this District Court's jurisdiction, because many of the expected witnesses with regard to these claims will be from Washington, D.C., and importantly, because the Custodian of Records of the FBOP and DOJ are both in Washington, D.C. and that also all of the Administrative Records in relation to this case are also located within Washington, D.C., venue is only proper in this U.S. District Court. Furthermore, the Defendants have not met their burden to transfer. See <u>Chrysler Credit Corp. v. Country Chrysler, Inc.</u>, 928 F2d 1509, 1515 (10th Cir. 1991)("The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is <u>inconvenient</u>"). The Defendants have not alleged, stated, claimed, said, or even made a single assertion that the current venue properly chosen by the Plaintiffs is "inconvenient". No, the Defendants only attempt to "banter" erroneously in alleging the Plaintiffs' Complaint doesn't meet the minimum threshold to defeat a Motion to Dismiss. The Defendants' Reply underscores a central defect in their position and realization of the seriousness of this litigation and in the affirmative conduct as alleged against Defendants LAPPIN and GONZALES which gives rise to the claims. In "construing the Plaintiffs' **allegations** in the light most favorable to the Plaintiffs", <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), overruled on other grounds by <u>harlow v. Fitzgerald</u>, 457 U.S. 800 (1982), <u>Walker v. Jones</u>, 733 F2d 923, 925-26 (D.C. Cir. 1984), the Plaintiffs have sufficiently **alleged** violations of constitutional and federal rights that were "clearly established" rights by the conduct of these Defendants as are alleged within the Claims (Counts) of the Plaintiffs' Original Complaint. All such conduct of these Defendants having occurred <u>**solely**</u> within the jurisdiction of

this District Court.

Although citing Cameron v. Thornburgh, 983 F2d 252 (D.C. Cir. 1993) for misplaced support, Cameron is actually supportive of only the Plaintiffs' position that this U.S. District Court is the only proper venue. Unlike the Plaintiffs' Complaint, Cameron only claimed an isolated incident giving rise to that lawsuit and merely named the head of a government agency in what was there in that situation merely a resondeat superior theory. CONVERSLY, here in the Plaintiffs' instant case and Original Complaint, Plaintiffs have squarely asserted that the "affirmative actions" (or affirmative omissions) of the Defendants LAPPIN and GONZALES give rise to the Bivens action against each, and that is the conduct of these particular Defendants who, thereby, have supervisory liability from such "affirmative actions". Cameron did not allege in its complaint any such affirmative actions, or any actions for that matter, of the agency heads himself. See Cameron at 258 ("The complaint itself did not even allege that [the agency heads] had participated in any decision or approved any policy that related to the case"). Because, as correctly noted in Cameron that, the theory of respondeat superior "cannot be used in a Bivens action", once the district court there had dismissed those particular head of agency defendants out of the case (which they were located in Washington, D.C.), the remainder of the defendants were all located in Indiana. Because these remaining defendants in Indiana were now proceeding as defendants in a Bivens action against them, the Cameron court correctly noted that, under Bivens, "it [(Bivens)] was not intended to make a government officer subject to suit in his individual capacity 'in [just] any one of the 95 federal districts covering the 50 states and other areas within federal jurisdiction'." Cameron at 258 quoting Stafford v. Briggs, 444 U.S. 527, 544 (1980).

As Cameron noted, Bivens claims are properly brought only in the

jurisdiction of the <u>Bivens</u>' defendants or the location of which their specific individual conduct gave rise to such. <u>Cameron</u> directly supports the Plaintiffs' **correct and proper choice of venue** in prosecution of the <u>Bivens</u> actions which currently lie against individual Defendants LAPPIN and GONZALES for their **affirmative actions and omissions** and such supervisory liability which may legally and properly be asserted in either a 42 U.S.C. § 1983 claim (which this is not asserted), or under a <u>Bivens</u> action (28 U.S.C. § 1391(b) ), as is alleged and asserted in the instant case of the Plaintiffs' Original Complaint. <u>Cameron</u>, properly analyzed and applied, **fully supports Plaintiffs' position and is contradictory to the Defendants' position.**

Finally, "the choice of venue has always been a perogative of a plaintiff which is not to be disturbed lightly", <u>In Re Chatman-Bey</u>, 718 F2d 484, 487 (D.C. Cir. 1983), and "the Plaintiffs' privilege to choose, or <u>not to be ousted from</u>, his chosen forum is highly esteemed". <u>Time, Inc. v. Manning</u>, 366 F2d 690, 698 (5th Cir. 1966).


4). <u>LACK OF SERVICE:</u>  Defendants' assertion that the Plaintiffs should suffer prejudice for the erroneous failure of the clerk's office to correctly serve Defendant Gonzales in this case and in following the Court's Order is preposterous. Plaintiffs' Motions pending to correct service and properly serve Defendant Gonzales (individually) as this Court originally commanded to be carried out by the Clerks and U.S. Marshals Offices should be GRANTED as well as all other relief necessary to properly serve such Defendant.


5). <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES:</u>  As Plaintiffs asserted and submitted in Plaintiffs' Memorandum, the Defendants, in their Motion to Dismiss, the <u>only</u> claim to which the Defendants, **in their pleadings**, "affirmatively

assert" that Plaintiff BEAIRD did not exhaust was the "claims specific to Building 9". Id at D.M. at pg. 12. Accordingly, the Defendants <u>only</u> asked for dismissals of the claims specific to Building 9 with relation to Plaintiff BEAIRD. But now, upon Defendants "further review", they have also now dropped that assertion. Accordingly, according to this new development and concession by Defendants, and according to what was affirmatively asserted within the Defendants' pleadings of their Motion to Dismiss, the Defendants have not "affirmatively argued" or met their burden for that matter, that Plaintiff BEAIRD had not exhausted any other claims made in the Original Complaint. Defendants have forfeited any other affirmative defense on any other claims of non-exhaustion in relation to Plaintiff BEAIRD, by failing to only originally plead and ask only for dismissal of only "claims specific to Building 9" in Defendants' Motion for Dismissal. See D.M. at pg. 12 ("[t]hus, Plaintiff's [BEAIRD's] claims specific to Building Nine ... should be dismissed for failure to exhaust administrative remedies under the PLRA"). Because exhaustion is an "affirmative defense" which must be pled and to which the "Defendant has the burden to prove", <u>Kaba v. Stepp</u>, 458 F3d 678, 681 (7th Cir. 2006), <u>Jones v. Bock</u>, 549 U.S. \_\_\_\_ (2007), the Defendants have failed completely in their burden to assert such affirmative defense against Plaintiff BEAIRD on all claims asserted in the Original Complaint.


6). <u>QUALIFIED IMMUNITY:</u> Plaintiffs' argument is hardly boilerplate and has similarly been submitted and held in every U.S. District and Appellate Court and repeatidly affirmed and upheld in the Supreme Court of the United States.


7). <u>MIHAILOVICH RELEASED FROM CUSTODY:</u> Plaintiffs confirm such release, however, the only claims to which such claims could be argued to apply are the

claims involving **prospective relief only**. Only prospective relief could be argued to have been mooted. The stolen document claim does not fall within that context, as well as the non-prospective claims for damages, and would not be subject to any mootness.

## CONCLUSION

Plaintiffs' Complaint is not frivolous nor malicious, but is rather proper, properly asserted in the correct venue, and the Defendants' ridiculous request to dismiss or count as a "strike" under 28 U.S.C. § 1915(g) is made in bad faith, especially in view of the fact that the Defendants themselves did not properly review or investigate the Original Complaint which was filed in this instant case before the Defendants filed the pending **frivolous** Motion for Summary Judgment and Motion to Dismiss/Transfer now pending before this Court, such filings made not only in bad faith, but also to harass the Plaintiffs. For the reasons herein submitted, as previously submitted in the Plaintiffs' Memorandum, such "lack of proper diligence" or investigation of claims prior to filing Defendants' Motion, as is now evidenced by Defendants' concessions on issues as Plaintiffs previously detailed in Plaintiffs' Memorandum, this Honorable Court would not be without justification to impose sanctions upon both the Defendants and the Defendants' attorneys. Such conduct has unnecessarily delayed these proceedings, prejudiced Plaintiffs, and is ever-so more evident by the Defendants' 2.5 month enlargement of time to file their Five (5) page frivolous response, which still attempts to mislead this court as to the wrong date the stolen documents at issue were received by the clerks' office of March 23, 2006, rather than the correct date and documents received on such date, **FEBRUARY 27, 2006**, of those documents then being stolen and subsequently possessed by the Defendants in this action.

Plaintiffs renew their requests to **DENY in full ALL** of Defendants' pending Motion, except for that portion as conceded herein as may relate to FTCA exhaustion.

Respectfully Submitted,

JOHN BEAIRD                                   ROBERT MIHAILOVICH

### CERTIFICATE OF MAILING

I (we), JOHN BEAIRD and ROBERT MIHAILOVICH, certify and attest under penalty of perjury that this filing was deposited into the institutional mail system, first class postage pre-paid, addressed to the clerk of the court, on this the 11th Day of July, 2007, and is, thereby, considered "FILED" On Same Date (see "Inmate Mailbox Rule").

JOHN BEAIRD                                   ROBERT MIHAILOVICH

### CERTIFICATE OF SERVICE

I (we), JOHN BEAIRD and ROBERT MIHAILVOCH certify that a copy of this filing was attempted to be sent to the parties of this action on this 11th Day of July, 2007, however, due to the inability of the Plaintiffs to obtain copies Plaintiffs request this court serve said filing on all parties. Plaintiffs have made a good faith attempt, but Defendants' conduct continues to deny access to the courts as needed.

JOHN BEAIRD                                   ROBERT MIHAILOVICH

### VERIFICATION

I, JOHN BEAIRD and ROBERT MIHAILOVICH hereby attest that this filing was filed in good faith and the facts contained herein are true and correct on this the 11th Day of July, 2007.

JOHN BEAIRD                                   ROBERT MIHAILOVICH