UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

JOHN BEAIRD §
§
     Plaintiff §
§
§
vs. § No.  06-2268-JDB
§
§
HARLEY G. LAPPIN (Individually), §
ALBERTO GONZALES (Individually). §
§
     Defendants §

**RECEIVED**
AUG 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

E M E R G E N C Y   M O T I O N

TO STAY TRANSFER OF CASE AND VENUE

PENDING FRCP RULE 59(e) MOTION FOR RECONSIDERATION ACTION; and

PENDING SUBSEQUENT APPEAL BY PLAINTIFF (if necessary); and to

ALSO STAY TRANSFER OF CASE FILES PENDING EACH OF THE ABOVE; and

IN THE INTEREST OF JUDICIAL ECONOMY

IN VIEW OF PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JOHN BEAIRD, Plaintiff, in the above-styled and numbered cause of action and files this Motion as an Emergency Motion, as entitled, due to the urgent necessity to Stay the Transfer of this Case and Case File pending Plaintiff's FRCP Rule 59(e) Motion For Reconsideration being adjudicated, therewith, and pending any subsequent appeal to the U.S. Court of Appeals of this Court's July 19, 2007, Memorandum and Opinion, and Order, and/or of this Court's disposition on the currently pending Motion for Reconsideration of such Memorandum and Opinion, and Order, of same date, pursuant to FRCP R. 59(e). Further, a stay is also requested in the interests of judicial economy, such that Plaintiff has exercised Plaintiff's right, pursuant to FRCP R. 15(a) to amend a Complaint "once as a matter" of right. Because the Plaintiff's First Amended Complaint does not encompass any other parties other than Mssrs. Lappin & Gonzales, and that the jurisdiction of such suit is only pursuant to a <u>Bivens</u> action, 28 U.S.C. § 1391(b), ONLY this District of Columbia District Court has proper jurisdiction on said Defendants. Being that a transfer of venue would only necessitate another transfer back to this District because of said Amended Complaint, such stay is necessary in the interest of judicial economy in order to allow this Court to adjudicate and vacate the previous transfer of venue Order because of such.

When local rule doesn't provide an automatic stay for certain period to allow review, "a party seeking reconsideration or other appeal of the order should immediately move for a stay of the transfer order to permit proper reconsideration or appellate review". <u>Chrysler Credit Corp. v. Country Chrysler, Inc.</u>, 928 F2d 1509, 1516-17 (10th Cir. 1991). As this court currently has jurisdiction, and to preserve this issue in the record, Plaintiff requests that 1) this Court Order a Stay of the Transfer of Venue pending resolution of the pending FRCP R. 59(e) Motion and any subsequent appeal to the Appellate Court,

therefrom, and  2) this Court Order a Stay of the transfer of the physical file of this case and papers, and the Record thereof, pending the disposition of the pending FRCP R. 59(e) Motion and any subsequent appeal therefrom.  All such being in the interest of justice and in the interest of judicial economy.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Prays That for the good and meritorious reasons shown, infra, this Court GRANT the STAYS as requested, supra.


Respectfully Submitted,

JOHN BEAIRD


CERTIFICATE OF SERVICE

I, JOHN BEAIRD, state that due to the fact that the FBOP does not provide a copy machine, I am unable to send a copy to the other party of this case, but therefore request the clerk to provide such party a copy through the Electronic Filing system as this case is set up for.

JOHN BEAIRD


CERTIFICATE OF MAILING

I, JOHN BEAIRD, certify, attest, and state under penalty of perjury that this Filing was deposited into the institutional mail box, first class postage pre-paid, addressed to the clerk of the court, and is considered FILED ON THIS DATE (see Inmate MailBox Rule), on this 27th Day of July, 2007.

JOHN BEAIRD