UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN M. BEAIRD and ROBERT MIHAILOVICH,<br><br>Plaintiffs, *pro se*<br><br>v.<br><br>ALBERTO GONZALES, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>) Civil Action No. 06-2268 (JDB)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
FOR RECONSIDERATION**

Federal Defendants, the Federal Bureau of Prisons ("BOP"), the United States of America, Alberto Gonzales, U.S. Attorney General, and Harley Lappin, Director, BOP, respectfully oppose *pro se* Plaintiffs' motion for reconsideration, no. [42], of this Court's order dismissing some of their claims and transferring the rest to the federal district court in Texas in the district where Plaintiffs are incarcerated.  Plaintiffs allege that prison conditions in their Texas prison and in all federal prisons are overcrowded and unconstitutional and that certain of their Court documents were stolen from this Court.  Their instant motion simply repeats their earlier assertion that their claims against Defendants Gonzales and Lappin do not rest on *respondeat superior*; Plaintiffs again offer nothing to support this assertion.  Accordingly, their motion falls far short of the standard for reconsideration under Rule 59(e) and should be denied.

**Legal standard.**  The grounds upon which a party may seek reconsideration of a Court's order under Rule 59(e) are narrow.  Such motions are discretionary, and need not be granted absent (1) an intervening change of law, (2) newly discovered evidence, or (3) to correct a clear error or prevent manifest injustice.  See Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir.

1996); McDonnell Douglas Corp. v. NASA, 109 F. Supp. 2d 27, 28 (D.D.C. 2000); New York v. United States, 880 F. Supp. 37, 38 (D.D.C. 1995). "A trial court has broad discretion to grant or deny a motion for reconsideration." McDonnell Douglas, 109 F. Supp. 2d at 28. See generally Dyson v. Pharmacia & Upjohn, Inc., 129 F. Supp. 2d 19, 20-21 (D.D.C. 2001). As explained below, Plaintiffs' motion cannot meet any of these standards.

    1.    Plaintiffs' motion acknowledges that a *respondeat superior* theory of liability cannot suffice for their claims, but asserts that "Lappin and Gonzales were *personally involved in policy decisions*" affecting Plaintiffs. Plf. Mot. Recon. [42] at 2 (emphasis in original). Plaintiffs neither detail these "policy decisions," however, nor explain how they relate to any of the harm they allege in their complaint. This failure to allege any particular facts is fatal to their claims, consistent with the standard for dismissal under Rule 12(b)(6) as articulated by the Supreme Court recently in Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (to survive dismissal, complaint "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.") (citing Bell Atlantic Corp. v. Twombly, 550 U.S. ---, --- (2007) (slip op., at 7-8) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957))). It bears noting that Plaintiffs' motion does not even explain whether the referenced "policy decisions" relate generally to Plaintiffs' allegations involving the prison conditions or their allegations of tampering with Court records. Plaintiffs' other assertions on this issue reflect at least this same level of generality and, therefore, none are factually specific enough to satisfy the minimal strictures of Rule 12(b)(6).

    2.    Plaintiffs' attempt to file an amended complaint (with Beaird as sole Plaintiff) cannot overcome the *respondeat superior* defect because the amended complaint itself relies on

2

the same sort of generalized notion that Gonzales and Lappin were "on information and belief" the "moving force" behind the policies that allegedly caused the prison conditions complained of in Texas.  See Amd. Compl. at 9 (Count I).  Indeed, Count II explicitly alleges, *inter alia*, a failure "to properly supervise to cause such compliance with such statute," a theory which is indistinguishable from *respondeat superior*.  Id. at 10.  See also id. at 11 (Count III alleging "Failure to Supervise").  The rest of the amended complaint's allegations are similar--none point to any particular decision or action sufficient to put Gonzales or Lappin on notice as to which decisions or actions might form the factual basis of a viable claim.

3. As to Plaintiffs' claim that they may amend their complaint as of right at this stage, it bears noting that Defendants' dispositive motion included an alternative motion for partial summary judgment, as to the document tampering claims.  Accordingly, Plaintiffs should be required to obtain leave of the Court to file an amended complaint as to those allegations.  Even though such leave is generally to be "freely given," per Rule 15(a), such leave is not appropriate here, where Plaintiffs' request represents "undue delay, bad faith or dilatory motive, . . . [and] futility of the amendment," per Harris v. Dep't of Veterans Affairs, 126 F.3d 339, 344 (D.C. Cir. 1997) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

4. Regarding the Court's dismissal as frivolous their claims regarding tampering with Court records, Plaintiffs' motion raises no new arguments, evidence, or supporting authority and does not satisfy the standards for reconsideration under Rule 59(e).  Their allegations remain "fanciful" and properly dismissed as frivolous.

For the foregoing reasons, Plaintiffs' motion should be denied.

| | |
|---|---|
| August 27, 2007 | Respectfully submitted, |

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

   /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

   /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

## CERTIFICATE OF SERVICE

     I hereby certify that on this 27th day of July 2007, I caused the foregoing Defendants' Opposition to Plaintiffs' Motion for Reconsideration to be served on *pro se* Plaintiffs, postage prepaid, via Certified Mail, with serial numbers 7002-2030-0006-6450-8401 and 7002-2030-0006-6450-8388 respectively, addressed as follows:

| | |
|---|---|
| John M. Beaird<br>R# 14355-179<br>F.C.I. Seagoville<br>POB 9000<br>Seagoville, Texas 75159 | Robert Mihailovich<br>R# 33446-177<br>F.C.I. Seagoville<br>POB 9000<br>Seagoville, Texas 75159 |

                          /s/
                         ALAN BURCH, D.C. Bar # 470655
                         Assistant United States Attorney
                         555 Fourth St., N.W.
                         Washington, D.C. 20530