IN THE UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN BEAIRD | § | |
|    Plaintiff | § | |
| | § | |
| vs. | § | No. 06-2268-JDB |
| | § | |
| HARLEY G. LAPPIN (Individually), | § | |
| ALBERTO GONZALES (Individually). | § | |
|    Defendants | § | |

**RECEIVED**
AUG 2 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

## MOTION TO RECUSE JUDGE PURSUANT TO 28 U.S.C. § 455

---

COMES NOW, JOHN BEAIRD, Plaintiff, in the above-styled and numbered cause of action and files this Motion To Recuse Judge, the Honorable John D. Bates, pursuant to 28 U.S.C. § 455, such Motion being timely filed as of this date, August 24, 2007 (see Certificate of Mailing, infra), such Motion being filed in good-faith and not for any other purpose, and submits as follows:

I.

The Due Process Clause, U.S. Const. Amend. 5, entitles a person to an impartial and disinterested tribunal in both criminal and civil cases. Marshall v. Jerrico, Inc., 466 U.S. 238, 242 (1980). Title 28 U.S.C. § 455(a) states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might be questioned." 28 U.S.C. § 455(a). Importantly, it requires recusal if the judge's impartiality

might reasonably be questioned. In re Kensington Int'l, 368 F3d 289, 301 (3rd Cir. 2004); Andrade v. Chojnacki, 338 F3d 448, 454 (5th Cir. 2003); U.S. v. Microsoft Corp., 253 F3d 34, 114 (D.C. Cir. 2001); In re Barry, 946 F2d 913, 917 n.4 (D.C. Cir. 1991); Hamid v. Price Waterhouse, 51 F3d 1411, 1416 (9th Cir. 1995); People Helpers Found. v. City of Richmond, 12 F3d 1321, 1325 (4th Cir. 1993). Because the goal of § 455(a) "is to exact the **appearance** of impartiality," recusal may be required even when there is no actual partiality. See In re Kensington Int'l, 368 F3d at 303; Moran, 296 F3d at 648; Bremers, 195 F3d at 226. In determining whether the district judge must recuse himself under § 455(a), the question is whether a **reasonable person perceives a significant risk** that the judge will resolve the case on a basis other than the merits. See In re Kensington Int'l, 368 F3d at 303 (standard is that of an objective, reasonable **layperson outside the judicial system**); U.S. v. DeTemple, 162 F3d 279, 287 (4th Cir. 1998)(same). Doubts must be resolved in favor of recusal. Murray v. Scott, 253 F3d 1308, 1310 (11th Cir. 2001); see also Bryce v. Episcopal Ch. in the Diocese of Colo., 289 F3d 648, 659 (10th Cir. 2002)(if issue is close, judge must be recused). The Plaintiff requests that the Court document reasons of disposition of this Motion. See U.S. v. Greenspan, 26 F3d 1001, 1007 (10th Cir. 1994)(the judge must document the reasons for his decision so the decision may be reviewed by an appellate court).

II.

The Plaintiff believes that there exists a reasonable factual basis for a "reasonable person" outside the judicial system to form a view of the "appearance of impartiality" of the current Judge in this case, the Honorable John D. Bates. Such "appearance" of impartiality to which a reasonable person outside the judicial system would stem from extrajudicial sources in this

instance. Such facts being that one of the Defendants whom is named on an individual basis in this litigation, ALBERTO GONZALES, had an integral personal positive part in securing the appointment of Hon. John D. Bates in 2001. At such time, Mr. Gonzales was White House counsel to the President, such counsel responsible for personally lobbying for, vetting, and pushing through the confirmation of Hon. John D. Bates by the U.S. Senate, as well as personally interacting with such nominee prior to confirmation and "lobbying" for such confirmation by affirmative actions done, or caused to be done, by Mr. Alberto Gonzales personally. The public's confidence in the judiciary would be irreparably harmed if this case is allowed to proceed before a judge to which the public would perceive as having any partiality. See <u>Alexander v. Primerica Holdings, Inc.</u>, 10 F3d 155, 162 (3rd Cir. 1993). In this case, such could easily be accorded to the view of a reasonable layperson outside the judicial system in view of the above.

### III.

WHEREFORE, PREMISES CONSIDERED, Plaintiff PRAYS THAT for the good and meritorious reasons shown, infra, that the Hon. John D. Bates, U.S. District Judge, be RECUSED immediately from this case; Plaintiff also requests reasons be drafted in the disposition of this Motion; and Plaintiff Further Prays for Any and All other Relief which may be provided.

Respectfully Submitted,

JOHN BEAIRD

CERTIFICATE OF MAILING

I, JOHN BEAIRD, hereby state under penalty of perjury, 28 U.S.C. § 1746, that this document was placed into the institutional mail system mailbox on this 24th Day of August, 2007, First Class postage pre-paid, addressed to the Clerk of the Court, and is thereby considered FILED on this date, August 24, 2007, pursuant to the Inmate Mailbox Rule.

JOHN BEAIRD

CERTIFICATE OF SERVICE

I, JOHN BEAIRD, state that we do not have an inmate copy machine here and therefore I am unable to provide the other parties in this case a copy of this filing and therefore request the Clerk of the Court to provide said service to such parties via Electronic Case Filing system as allowed.

JOHN BEAIRD

VERIFICATION

I, JOHN BEAIRD, hereby certify and attest that this filing is filed for no other purposes than for those stated within this motion and is filed in good faith. I further verify that I recently learned of Hon. John D. Bates's appointment as of 2001 and of the significance of Alberto Gonzales's personal involvement in his previous position as White House Counsel in such.

JOHN BEAIRD, August 24, 2007

