# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 07-5312**           **September Term 2007**

06cv02268

**Filed On:** April 4, 2008

John M. Beaird,

    Appellant

Robert Mihailovich,

    Appellee

v.

Alberto Gonzales, individually, et al.,

    Appellees

**MANDATE**
Pursuant to the provisions of Fed. R. App. Pro. 41(a)
ISSUED: 5/2/08
BY:
ATTACHED: ___ Amending Order
___ Opinion
___ Order on Costs

    **BEFORE:**    Henderson, Rogers, and Tatel, Circuit Judges

## O R D E R

    Upon consideration of the motion for summary affirmance, the opposition thereto, and the reply, and the motion for leave to file a surreply, it is

    **ORDERED** that the motion for leave to file a surreply be denied. Surreplies are disfavored, and the lodged surreply does not contribute meaningfully to the panel's consideration of the motion for summary affirmance. It is

    **FURTHER ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). With regard to appellant's claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the district court properly dismissed them under Fed. R. Civ. P. 12(b)(6), as they "are based on nothing more than a theory of respondeat superior, which . . . cannot be used in a Bivens action." Cameron v. Thornburgh, 983 F.2d 253, 258 (D.C. Cir. 1993). In addition, the document tampering claims were properly dismissed as frivolous. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Moreover, to the extent appellant is challenging the transfer of his remaining claims to the United States District Court for the Northern District of Texas,

A True Copy:
United States Court of Appeals
for the District of Columbia Circuit

By: _____ Deputy Clerk

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

that challenge is moot, because appellant has abandoned those remaining claims. See Entergy Servs., Inc. v. FERC, 391 F.3d 1240, 1245 (D.C. Cir. 2004).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**